RECEIVED
DEC 2 1 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Case/Cause No.______________

Richard Wigginton,

Petitioner, Plaintiff,

V.

United States Postal Service
USPS Federal employees
Kaila Osborne and Stephanie Johnson
and
Boone County State Attorney Office, ...et al

Respondent, Defendants,

In a Petition for Removal from
The Circuit Court Boone County
Illinois

Case No. 2021-CM-81
Honorable Judge Ryan Swift

22cv50440
Judge Philip G. Reinhard
Magistrate Judge Lisa A. Jensen

**NOTICE OF PETITION and WARRANT of REMOVAL**

Now comes Richard Wigginton, pro-se status, Plaintiff/Petitioner and request for removal of the state court cause of criminal charges filed into inappropriate jurisdiction, In direct support of said request the jurisdiction of the United States District Court is applicable as complainants (named Defendants "Kaila Osborne", and Stephanie Johnson") are Federal United States Employee's, within their official capacity at USPS 1800 Doc Wolf Drive Belvidere, Illinois 61008 and accordingly so are under the direct and specific Jurisdiction of the United States Attorney, and Department of Justice jurisdiction.

This Court now has proper jurisdiction over this cause of action for removal pursuant to, but not limited to, the following statutory authorities: jurisdiction for removal pursuant to 28 U.S.C. §1331, for removal of criminal charges pursuant to 28 U.S.C. §1455, with jurisdiction of said District Court pursuant to Postal Service Codes and Regulation 28 U.S.C. §1339, 39 U.S.C. §401 and §410, and subject matter pursuant to 39 C.F.R. § 232.1.

*Notwithstanding authority pursuant to 18 U.S.C.7(3), Article III, Section 2 Clause 1, Article VI, Clause 2, with the express authority to hear and adjudicate and questions arising under the Constitution, including but not limited to: Bill of Rights, Sixth, Ninth, Fourth and Fourteenth Amendments, Treasury Act, Postal Services, Government Appropriations Act for 1978, Pub. L. No. 95-81, 91 Stat. 341, Sec § 610 of the Act, the property clause Art. IV. §3 cl. 2, the postal clause Art. I, § 8, cl. 7, Necessary and Proper*

*Clause "Federal jurisdiction is exclusive jurisdiction. (Article VI Supremacy Clause of the Constitution of the United States of America). on the Federal question involved, , Federal preemption, Federal statues (U.S.C. & C.F.R), Conflict of Law and United States Constitutional questions., over Federal USPS land (demonstrating existence federal jurisdiction and property, "Abel v. State Farm Fire & Casualty Co., 770 F 2D 26, 29 (3d Cir. Pa. 1985) as federal law overcomes state law within the exclusive territorial field and subject matter (as State record establishes, "Westmoreland Hosp. Ass'n, 605 F.2d 119, 124 (3d Cir. 1979) as to the United States Constitution, United State Codes (U.S.C.) and Federal regulations C.F.R. (Codified Federal Regulations).*

**SUMMARY**

¶1. Plaintiff comes before this Honorable Court with case in point as to warrant of removal pursuant to 28 U..C. §1455, criminal charges pending in Circuit Court, by prosecution information that derive and arose directly from actions of Federal USPS employees while in their official capacities and duties, to Federal Question of Federal Statute and Regulation as to USPS property pursuant to 28 U.S.C. §1331.

¶2. That said USPS Federal Government employees Kaila Osborne and Stephanie Johnson while working in a public building open to the public, have claimed to be alleged victims, alleged injured parties. What is established is that USPS employee's and specifically one Kaila Osborne filed a false report with local law enforcement, resulting first in an unlawful, warrantless, no probable cause arrest. To which the State is attempting to imply that the USPS employees are somehow personel and private victims (not in offiial capacity), thus attempting to prosecute criminal charges against the Plaintiff, as asserted in the information of charges. The USPS employees "Kaila Osborne" and "Stephanie Johnson allegations are in direct violation and conflict with the Plaintiff's First Amendment rights when Plaintiff was exercising such rights on a Federally owned enclave, a USPS Government property with exclusive jurisdiction, power and control over said property by and through Congressionally legislated Statutes and Regulations. **EXHIBIT A** information filed July 20, 2021(counts 6,7,8), criminal complaint count three, and probable cause affidavit.

¶3. The United State Post Service (USPS) is an independent executive Federal agency with exclusive sovereignty. They have their own United State Code, at 39 U.S.C.§ "Postal Services" and their own Federal Regulations 39 C.F.R.§ including §232.1 "conduct on postal property to which has power and authority pursuant to 18 U.S.C. § 7(3), and their own law enforcement "United States Postal Inspection Services (USPIS). See **EXHIBIT B** (Conduct of Postal Property 39 C.F.R. 232.1 referred to "poster 7" mandated posting in facilities).

(a) There is no need to interpret the applicability of the USPS statutes and regulations as they are well defined, fully explained and completely made clear within the text.

(b) 39 U.S.C. §401 as the General Power of the Postal Service

(c) 39 U.S.C. §410 applicability of other law; establishes any other provisions, law, and statutes to which the USPS are governed. This is a pinnacle element as the State bringing forth charges as indicated that 40 U.S.C. §3112 is the presumptive authority of jurisdiction, nonetheless it's evident that this statute is not only absent from the laws applicable to the USPS under §410. Moreover it is a completely different title for public buildings under the control, power and authority of Government Services Administration (GSA).see **EXHIBIT C** Rules and Regulation for other federal Property under GSA.

(d) What §410 does establish, is that title 18 U.S.C is completely applicable including §7(3) for needful buildings such as post offices, providing for the granting of exclusive jurisdiction.

(e) 39 C.F.R. 232.1 conduct on postal property has the governing power and authority pursuant to 18 U.S.C. §7(3) divested by the authority of 39 U.S.C. §410, verbiage is plainly laid out in the text, in order for jurisdiction to not be misconstrued or otherwise misplaced.
Thus ganting not only subject matter, but exclusive jurisdiction.

¶4. If the District Court is still unconvinced the Removal is warranted for Defendant's criminal charges to be adjudicated in the District court, due to the USPS as a Federal Property and the Federal officers being named as relevant, alleged victims, to which the District Court adjudicated any and all cases regarding the Postal Service, the following arguments elaborates this in more in-depth and detail.

## ADDITIONAL ARGUMANT

## JURISDICTION AND VENUE INAPPROPRIATE IN STATE COURT

¶5. The criminal charges filed in the wrong jurisdiction, and venue. Defendant was on uncontested United States Post Office Federal Government property that is specifically and exclusively legislated by the United States Congress and as such has statutes and regulation attached with respect to sovereign authority, see: United Supreme Court in *U.S. Postal Service v Greenburgh Civic Assns. No. 80-608 (1981)* The Posts were made a sovereign function in almost all nations being considered a sovereign necessity. The power possessed by Congress embraces the regulation of the entire Postal System.

See EXHIBIT G- State's answer to Plaintiff's Motion to Dismiss @¶9, the State has implied that Federal Statutes and Federal Regulation do not pre exempted State law.

¶6. Plaintiff is aware that pursuant to the criminal case in State court, a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case `arises under' federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9-10 (1983).* There is absolutely no doubt that the original charges of "disorderly conduct" and "trespassing" that resulted

in the arrest arose from federal law, and as such are controlled pursuant to 39 C.F.R. 232.1(p)(1) Alleged violations of these rules and regulations are heard, and the penalties prescribed herein are imposed, either in a Federal district court or by a Federal magistrate in accordance with applicable court rules. Questions regarding such rules should be directed to the regional counsel for the region involved. See **EXHIBIT B.**

## ABORGATING FACTOR

¶7. The State court in denying Plaintiff's motion to dismiss for lack of jurisdiction stated that somehow subsection (2) is only in part applicable, which states:

*"Whoever shall be found guilty of violating the rules and regulations in this section while on property under the charge and control of the Postal Service is subject to a fine as provided in 18 U.S.C. §3571 or imprisonment of not more than 30 days, or both. Nothing contained in these rules and regulations shall be construed to abrogate any other Federal laws or regulations or any State and local laws and regulations applicable to any area in which the property is situated.*

The State cherry picked through the abrogating factor but completely ignores "*Whoever shall be found guilty of violating the rules and regulations in this section while on property under the charge and control of the Postal subject to a fine as provided in 18 U.S.C. §3571*" The regulation is clear that violations are subjected to 18 U.S.C. §3571 "NOT" subject ILCS.

¶8. With all due respect the circuit court abused it's discretion when the analysis and interpretation was inappropriately applied and construed as to exactly what abrogating signifies. stated in *Sosebee v. Astrue, 494 F.3d 583, 586 (7th Cir. 2007)*" "application of an erroneous view of the law is by definition an abuse of discretion".

¶9. It is the interpretation of 39 C.F.R. §232.1(p)(2) "abrogating" Is a provision specifically designed for and used by any Federal Government agency .i.e. Department of Justice... United States Court of Appeals, Ninth Circuit. (see) .*United States of America, Plaintiff-Appellee, v. Vincent Earl Waites, Defendant-Appellant. No. 99-30037* Decided: January 04, 2000. Rather than Plaintiff attempting to explain, this is what the court explained: the necessity for such a stipulation as a non-abrogation clause of subsection 39 C.F.R.232.1§(p)(2) manifests an intent not to preclude assimilation of any state or federal laws not already provided for in the federal postal regulations. We believe that this language does not automatically invite assimilation of all state laws. The state law also must fill a gap in the federal criminal law that applies on federal enclaves. (see) *Lewis v United States 523 U.S. at 160, 118 S. Ct. 1135.(523 U.S. 155, 118 S. Ct. 1135, 140 L. Ed. 2d 271, (1998).* A state law punishing conduct occurring on federal postal property will be assimilated only where (1) the state law is not precluded by the postal regulations; and (2) the state law does not punish approximately the same conduct as the federal law. In Waites, subsection 39 C.F.R. §232.1(d) punishes approximately the same conduct as the

Oregon trespass statute, namely, remaining on premises after being lawfully directed to leave. The state law will not be assimilated because there is no gap here to trigger operation of the non-abrogation clause. To hold otherwise would be to rule that the non-abrogation clause of subsection §(p)(2) would have the tendency to trump every relevant federal statute. We do not perceive this to have been the intent of Congress.

¶10. Waites was charged for conduct on postal property 39 C.F.R. §232.1 in the proper jurisdiction of Federal Court, which would be pursuant to 18 U.S.C. §7(3) and 39 U.S.C. §401 and §410. While the challenge of assimilative crimes act was the question on appeal it nevertheless fully demonstrates what the intended purpose of the non abrogating clause signifies, as it's only intended purpose of the non abrogating clause is not for the states to somehow abuse or charge individuals with crimes nor to hold on to jurisdiction just because the enclave is situated within the County borders. Moreover the abrogating clause was intended only to allow for the Federal Government by and through said section/clause to fill any necessary gaps in a Federal complaint that may not otherwise be indicated in a U.S.C. statute or C.F.R. regulation.

**CONCURRENT JURISDICTION**

¶11. That being said by manipulating the verbiage to perceive a definition of concurrent jurisdiction is contrary to the Congress intent, statute and regulation purposes. subsection 39 C.F.R. 232.1 §(p)(1) preceding 39 C.F.R. §(p)(2) "the non abrogating clause" is self explanatory, non ambigously.

*(p)(2) "Alleged violations of these rules and regulations are heard, and the penalties prescribed herein are imposed, either in a Federal district court or by a Federal magistrate in accordance with applicable court rules."*

¶12. There is absolutely no indications that state courts can retain jurisdiction for conduct on Federal property by the filing of a charging element i.e. complaint, information or indictment, under ILCS. Moreover this is merely and simply an attempt by the state to cover up, or avoid any legal recourse for any unlawful conduct by local government. **see EXHIBIT H**

What's more revealing is proceeding the non-abrogating clause in subsection

*39 C.F.R. 232.1 §(q) Enforcement. (1) Members of the U.S. Postal Service security force shall exercise the powers provided by 18 U.S.C. §3061(c)(2) and shall be responsible for enforcing the regulations in this section in a manner that will protect Postal Service property and persons thereon. (2) Local postmasters and installation heads may, pursuant to 40 U.S.C. §1315(d)(3) and with the approval of the chief postal inspector or his designee, enter into agreements with State and local enforcement agencies to insure that these rules and regulations are enforced in a manner that will protect Postal Service property. (3) Postal Inspectors, Office of Inspector General Criminal Investigators, and other persons designated by the Chief Postal Inspector may likewise enforce regulation. The duty to protect federal property now*

*resides with the Secretary of Homeland Security.*

¶13. If in fact concurrent jurisdiction would exist, allowing any other law enforcement agency to enforce USPS regulations "that sit on a federal enclave property" the stipulation provided for in the statutes and regulations are clearly illustrated for what is required therein. As a federal agency, absent any intergovernmental agreement the USPS does not, and cannot hire "without authority through and by chief postal inspector" local law enforcement, moreover when it has congressional powers to hire it's own postal police to enforce its own regulations and conduct. It's not ambiguous or illusive and basically nothing other than an agreement between the agencies. Nonetheless it would be this provision if an agreement existed, (which in Plaintiff's case there is no corresponding agreement or otherwise.. **Exhibit #E** are from Government sources which acknowledge no such agreement exist) that would allow the local law enforcement to impose postal property rules and regulations. Additionally there exist no state statute, or retrocession of powers back to the state or otherwise from which to suggest the state has any authority or power on United States Postal Property in question. Local law enforcement is thereby restrained by jurisdiction absent an agreement between agencies. See **EXHIBIT D** there exist NO agreement, MOU or otherwise between the agencies
**see EXHIBIT I. (Police intergovernment agreements between agencies) als see EXHIBIT J (City attorneyDrella, e-mail no agreement confirmation between agencies exist with that of Belvidere and USPS/USPIS)**

¶14. Nevertheless, there is absolutely no indication that any local law enforcement officer has been contracted with or is employed by the Federal Government, USPS or otherwise Pursuant to 18 U.S.C. §3061(c)(2) with respect to such property, such offense shall have the power to (A) enforce Federal laws and regulations for the protection of persons and property, (B) carry firearms, and (C) make arrest without a warrant for any offense against the United States in the presence of the officer…" Contrary to the purported lower court opinion it is beyond local law enforcements authority and power to effectuate an arrest on Federal property. But for 18 U.S.C. §3061(c)(2), local law enforcement have no inherent powers or authority on USPS property. See attached, officials have confirmed there is no agreement or MOU between the agencies, which demonstrates the **ONLY** authority local law enforcement obtain in regard to the USPS is to serve and process".

**MANDATORY POSTING OF RULE & REGULATION, CONDUCT ON POSTAL PROPERTY, OF EXCLUSIVE FEDERAL ENCLAVE JURISDICTRION**

¶15. "Poster 7" originally derives directly from 39 C.F.R.§232.1 (Exhibit A) authority pursuant to 18 U.S.C. §7(3) and 39 U.S.C. §401, §410. USPS facilities are Federal enclaves. Notwithstanding USPS policy and mandate to have "poster 7" displayed in facilities, Federal regulation 39 C.F.R. §232.1 presumes dominating authority albeit absent the Federal Statute 18 U.S.C. 7(3) verbiage, may not be indicated in "Poster 7" does not eliminate the Federal preclusive for preemption, giving exclusive federal jurisdiction, regardless of poster 7, but for 18 U.S.C. §7 solidifies Federal jurisdiction as

exclusive.

¶16. As an independent agency of the Federal Government the USPS requires rules and regulations governing postal property pursuant to 39 C.F.R. §232.1 "conduct on postal property" a printed announcement, be in a conspicuous place, titled "poster 7"a mandatory lobby display that is required in all USPS facilities with the governing authority pursuant to 18 U.S.C. §7(3) and 39 U.S.C. §401 and §410 respectfully.

¶17. Respectfully the State has exceeded and overstepped their judicial, and prosecuting powers, authority and boundaries, thus it runs afoul, makes a mockery of the federal system and calls into question the United States Constitution. When the state attempts such actions to overthrow government authority, is what would be considered by most, "tyrannical" one step closer to authoritarianism. The separation of powers not only prevents oppressive conditions, but to the rather affords and provides necessitated provisions for freedoms that could otherwise be violated and disregarded by corruption and malfeasance of government, and state actors.

**PLAINITFF' CRIMINAL PROCEEDINGS WILL NOT AFFORD HIM THE OPPORTUNITY TO RAISE CONSTITUTIONAL CLAIMS AND, ISSUES**

CORRESPONDING TO EXHIBIT E

¶18. The connotation of Plaintiffs activities distinguishes a protected first amendment right, specifically as to exclusive Federal enclave, Government property. That being said, Plaintiff's petition warranting removal is essential in protecting constitutional rights, public interest, and sovereign authority of the Federal Governments and it's interest in power, authority, and control over said real property, activities and conduct on those properties and the essential necessity of judicial adjudication of said element in the District Court, as provided in provision including but not limited to 28 U.S.C. §1339.

¶19. There is no possibility or likelihood that the State can adequately adjudicate the case, nor is there any probability Plaintiff will be afforded the opportunity to raise constitutional issues, including as to Federally protected rights on federally exclusive enclaves (USPS), and while this Court cannot rule on issue of the State, the State has already violated the Plaintiff's Constitutional rights, it none the less needs to be expressed (1) charging someone with a crime who has used their first amendment to express by and through speech is not only a Constitutional violation, it's ridiculous and down right nonsensical to think by telling someone "they will get educated", is somehow indicative of breach of peace or a threat (2) or recording to petition the Government or (3) recording theses public officials when redressing such employees, to hold them accountable for violating ones rights, is an established right this affords a way to adequately hold public officials accountable, and (4) to suggest that one can be trespassed from public property, if the business is open and conducting business, is a further demonstration of how individuals such a Plaintiff are violated, with unlawful arrests with no probable cause.

¶20. It has been expressly and admittedly displayed by motions in limine that the State intends to remove any and all elements of Constitutional claims by having Plaintiiff 's defense barred. This is not a illusion, when the facts are clear as to the States intention's and motivation's on said motion's they expect to bar or otherwise forbid Plaintiff (Defendant in state case) from many Constitutional protections, this is by and through said motions. See **EXHIBIT E** Attached State Motions.

¶21. While Plaintiff is seeking a full removal it nonetheless goes without saying what Our Supreme Court has opinioned: Justice Brennan, speaking for the Court, reaffirmed the principles justifying federal nonintervention in state court proceedings, *380 U.S. at 483-85.* but noted that.... the allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights. They suggest that a substantial loss or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury. No doubt the Court was justified in finding that the facts alleged warranted intervention. Unfortunately, however, Justice Brennan did not confine his remarks to the particular facts. He went on to explain that intervention would be justified where the exercise of first amendment rights were in danger of being "chilled" by a facially vague or overbroad statute or by multiple prosecutions

**FEDERAL EMPLOYEE'S ARE THE ALLEGED VICTIMS AND WITNESSES**

¶22. First obvious issue to raise, Plaintiff could not properly defend his rights in a state level court where Federal employees are the only alleged victims protected by sovereign immunity,(thus sovereign protection from sovereign property) from or against any state court action, and where USPS/USPIS Policies and regulations control the federal employees as witnesses, and alleged victims, or where the Plaintiff is expected to follow state and federal policies regarding witnesses/payment pursuant to the federal Touhy Regulation i.e....

In State criminal Courts it is Unconstitutional to impose fines on a Defendant befoe he can confront his accuser/witness, or to force federal regulations such as Touhy on a Defendant as a prerequisite condition to face his accuser during trial or pre trial proceedings to which the USPS/USPSI will not waive. **see EXHIBIT K**

¶23. In United state ex rel. *Touhy v Ragen, 340 U.S. 462, 71 S. Ct. 416, 95 L.Ed. 417 (1951)* The Supreme Court held that subordinate federal officers could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated regulation to the contrary. If refusal is based on rules promulgated by the USPS, the regulation has the force of law, and the court has no jurisdiction or power otherwise. That being said not only can these USPS and USPIS employees not be held in contempt but there is no possible prospective for the Plaintiff to adequately cross examine or impeach these federal employees who could potentially fall within the protection of sovereign immunity. As the Seventh Circuit noted with a case that involved 28 U.S.C. §1442(a) removal of State subpoena proceedings against unwilling federal officers have held that

sovereign immunity bars the enforcement of the subpoena see *Edwards v U.S. Dep't. of Justice, 43 F.3d 312, 317 (7th Cir. 1994).*

¶24. There are a number of statutory exception and judicially limited doctrine, title 28 U.S.C. §1331 confers federal question jurisdiction on District Court, this statute has been held not to be a blanket waiver of sovereign immunity on the part of the Federal Government. State sovereign immunity does not extend to cases where a Plaintiff alleges the State's action is in violation of Federal or State Constitution.

¶25. Furthermore where Plaintiff, the state, and court would be barred or prohibited from enforcing and exercising state powers, or subpoenas upon USPS or USPIS employees, or even barred from exercising any powers of contempt, or the like, over USPS/USPIS employees. In state court proceedings, Plaintiff would be powerless as the state to impeach federal witnesses, or confronting alleged victims, pursuant to State charges that specifically name USPS employees as "alleged victims". Thus placing the Plaintiff not only in an unfair disadvantage, forum and venue, but also in great peril of losing liberty and rights, whereby Plaintiff could not properly litigate, argue, or reasonably be expected to receive a fair trial adjudication, or any fair proceeding for that matter where jurisdiction is invalid and improper such as is the case in this extraordinary circumstance, in which Plaintiff finds himself.

¶26. It has been expressly conferred to the Plaintiff on December 15, 2022 by and through the agency Counsel U.S. Postal Inspection Service Alejandro E. Almaguer, that the "USPIS is not waiving the Touhy Regulations" and "USPS and USPIS are not waiving anything", see **EXHIBIT K** this is a clear indication that Plaintiff will not be afforded due and fair process. The alleged complainants are USPS employees, that filed a complaint while and during the course of the Federal duties as Federal officers, without the approval of the corresponding authority or head of agency so authorized. As these Federal employee are under the direction of the Federal Government, that enforce Touhy Regulation, the likelihood that Plaintiff will be afforded any due process including subpoenaing or cross examining these individuals is obviously stated that the intentions of the USPS Government, are not to relinquish anything to the State, and not to apply accordingly.

## ACTS OF CONGRESS

¶27. The present wording of the legislation was adopted with the enactment of Title 28 of the United States Code in 1948. Despite the seemingly uncompromising language of the anti-injunction statute prior to 1948, the Court soon recognized that exceptions must be made to its blanket prohibition if the import and purpose of other Acts of Congress were to be given their intended scope. So it was that, in addition to the bankruptcy law exception that Congress explicitly recognized in 1874, the Court through the years found that federal courts were empowered to enjoin state court proceedings, despite the anti-injunction statute, in carrying out the will of Congress under at least six other federal laws. These covered a broad spectrum of congressional action: (1) legislation providing for removal of litigation from state to federal courts, *French v. Hay, 22 Wall. 250; Kline*

*v. Burke Construction Co. 260 U.S. 226.* (2) legislation limiting the liability of shipowners, *Providence & N. Y. S. S. Co. v. Hill Mfg. Co. 109 U.S. 578* (3) legislation providing for federal interpleader actions, *Treinies v. Sunshine Mining Co. 308 U.S. 66* (4) legislation conferring federal jurisdiction over farm mortgages, *Kalb v. Feuerstein308 U.S. 433* .(5) legislation governing federal habeas corpus proceedings, See *Ex parte Royall, 117 U.S. 241, 248-249.*and (6) legislation providing for control of prices.

¶28. In addition to the exceptions to the anti-injunction statute found to be embodied in these various Acts of Congress, the Court recognized other "implied" exceptions to the blanket prohibition of the anti-injunction statute. One was an "in rem" exception, allowing a federal court to enjoin a state court proceeding in order to protect its jurisdiction of a res over which it had first acquired jurisdiction. See, e. g., *Toucey v. New York Life Ins. Co., 314 U. S., at 135-136; Freeman v. Howe, 24 How. 450; Kline v. Burke Construction Co., 260 U.S. 226* Another was a "relitigation" exception, permitting a federal court to enjoin relitigation in a state court of issues already decided in federal litigation. See, e. g., *Toucey, supra, at 137-141; Dial v. Reynolds, 96 U.S. 340 ; Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356.* See generally *1A J. Moore, Federal Practice 2302-2311 (1965).* Still a third exception, more recently developed, permits a federal injunction of state court proceedings when the plaintiff in the federal court is the United States itself, or a federal agency asserting "superior federal interest. *Leiter Minerals Inc. v. United States, 352 U.S. 220; NLRB v. Nash-Finch Co., 404 U.S 138.*

¶29. Congress clearly has an interest in the uniform application of federal enclave law to conduct occurring on federal property. This interest is effected by applying federal laws, rather than various state statutes. The United States has substantial legal interest in the subject matter of Plaintiff's case. The State forum will not provide Plaintiff with adequate adjudication of the Federal Constitutional claims as the proper analysis must be applied to Federal preemption of USPS Federal exclusive enclave jurisdiction and inquiry as to conflict of law claims between Federal and State. That being said under 28 U.S.C. § 2403 implores the attorney general of the United States to intervene, where the public interest is drawn into question as fundamental rights on federal enclaves and those liberties are at stake, and States actors exceeding boundaries of jurisdiction where sole authority is Congressional intent pursuant to United States Codes (U.S.C.) and Codified Federal Regulations (C.F.R.) as to USPS pursuant to 39 U.S.C. §401 §410 and 39 C.F.R. §232.1 conduct on postal property. Regardless of the lower courts both State and Federal, Plaintiff would emphasis the failure to identify a legitimate source of State authority to legislate on Postal Matter, or to otherwise charge for offenses relating to conduct on postal property is unaccounted for, and thus this argument has no substance. As such no one should deny that Congress and Federal executive independent agencies have exclusive authority over substance and procedure of USPS as established pursuant 39 U.S.C. §401 and 39 C.F.R. §232.1 pursuant to 18 U.S.C. §7(3).

## PROTECTED CONSTITUTIONAL RIGHTS ON FEDERAL PROPERTY

¶30. Filming of government officials engaged in their duties in a public place, including police officers performing their responsibilities, and gathering information

about government officials in a form that can readily be disseminated to others serves a fundamental First Amendment interest in protecting and promoting "the free discussion of governmental affairs. *Mills v Alabama, 384 U.S. 214, 218, 86S.Ct. 1434, 16L.Ed.2d 484(1966)* " Moreover, as the Court has noted, "freedom of expression has particular significance with respect to government because `it is here that the state has a special incentive to repress opposition and often wields a more effective power of suppression. *First Nat'l Bank 435 U.S. 777n 11, 98 S. Ct. 1407.* This is particularly true of law enforcement officials, who are granted substantial discretion that may be misused to deprive individuals of their liberties. *Cf. Gentile v State Bar of Nev. 501 U.S. 1030, 1035-36, 111 S. Ct. 2720, 115 L.Ed. 2d 888(1991)* (observing that "the public has an interest in the responsible exercise" of the discretion granted police and prosecutors. Ensuring the public's right to gather information about their officials not only aids in the uncovering of abuses, see id *@1034-35 111 S. Ct. 2720* , (recognizing a core First Amendment interest in "the dissemination of information relating to alleged governmental misconduct. Videotaping of public officials is an exercise of First Amendment liberties. *Lacobucci v Boulter, 193 F.3d 14 (1st Cir. 1999).*

¶31. *IF THIS COURT DOUBTS THE PLAINTIFF'S ASSERTION REGARDING BEING CHARGES IN VIOLATION OF CONSTITUIONAL RIGHT* see the attached information of charges: The originating charge of disorderly being that of filiming and speaking, while redressing Federal employees and Petitioning grievances, to the Federal USPS and being trespassed from a federal building open to the public, during normal business hours, speaks for itself.

See **EXHIBIT F** ; Federal Law Enforcement training Center, transcript on territorial jurisdiction on Federal Property.

¶32. *Borough of Duryea Pennsylvania, et al. v Guaarnieri 564 U.S. 379 (2011)* This Court has said that the right to speak and the right to petition are "cognate rights." (see) *Thomas v. Collins, 323 U. S. 516, 530 (1945);* (see) also *Wayte v. United States, 470 U. S. 598, 610, n. 11 (1985).* Both speech and petition are integral to the democratic process, although not necessarily in the same way. The right to petition allows citizens to express their ideas, hopes, and concerns to their government and their elected representatives, whereas the right to speak fosters the public exchange of ideas that is integral to deliberative democracy as well as to the whole realm of ideas and human affairs. Beyond the political sphere, both speech and petition advance personal expression, although the right to petition is generally concerned with expression directed to the government seeking redress of a grievance.

¶33. Plaintiff asserts that removal is warranted and necessitated Pursuant to 28 U.S.C. §1331 and, is proper in jurisdiction, and venue. Not only is there likelihood plaintiff will not be afford an opportunity to raise Constitutional claims, it's already been established he will lose those rights by a preponderance of evidence and actions. Plaintiff's declaration is mindful that only actions that originally could have been filed in Federal Court may be removed to Federal court (by the Defendant in the criminal action in the State proceedings) *Audette v ILWU, 195 F.3d 1107, 1111 (9th Cir. 1999)*, being just one

element.

¶34. Nevertheless, when the District Court has primary or original jurisdiction over cases pursuant to Federal "lands', "building", and "properties" (pursuant to 28 U.S.C. § 1339 "The District Court shall have original jurisdiction of any civil action arising under any Act of Congress relating to the Postal Service", USPS", 39 C.F.R. §232.1," conduct of postal property, authority pursuant to 18 U.S.C.§7(3) special maritime and territorial jurisdiction of the United States including :needful buildings" such as post offices, and 39 U.S.C. §401 Postal Services and §410 applicability of other Federals laws. Neither the State nor the Plaintiff can move the State Court to compel the Federal employees to appear, testify or otherwise participate in the State proceedings.

## NOTICE TO PARTIES

¶35. Plaintiff now and hereby provides formal Notice of the above to all interested parties, of record or otherwise, within and surrounding the above-encaptioned state court proceedings, by notifying, providing, supplying, a copy of this petition.

## SUMMARY AND PRAYER

¶36. Reiterating the necessitated removal of the criminal case from State Court, where the USPS employees have claimed to be alleged victims while and during the course of their Federal Government duties as Federal officers at the USPS located at 1800 Doc Wolf Drive Belvidere, Illinois 61008 on May 18, 2021.

**WHEREFORE** undersigned Petitioner, Richard Wigginton now prays for retaining the removal of the instant state court proceedings into, and under, the jurisdiction of this United States District Court, at a minimum, for the District Court to conduct a full evidentiary hearing

Respectfully submitted,

Richard Wigginton December 21, 2022

Richard Wigginton
549 Prairie Point Drive
Poplar Grove, Illinois 61065
Tel: (309) 716-5622
Email: mericaoncheck@yahoo.com
*Pro Se Petitioner Party of Record*

VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the

**laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.**

Executed this 21 day of December, 2022.

Richard Wigginton