# EXHIBIT #E

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINOIS
NOV 30 2022
Pamela Coduto
CLERK OF THE CIRCUIT COURT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | NO. 2021 CM 81 |
| RICHARD WIGGINTON, | ) | |
| DEFENDANT. | ) | |

## NOTICE

TO: Richard Wigginton
549 Prairie Point Drive
Poplar Grove, IL 61065

PLEASE TAKE NOTICE THAT on the 22nd day of December, 2022, at 2 p.m, the undersigned shall appear before Judge Ryan Swift or any judge sitting in his stead in the courtroom usually occupied by him at the Boone County Courthouse, Belvidere, Illinois, Courtroom 2 for:

**Hearing on People's Motions in Limine 1-10**, at which time you must be present.

BOONE COUNTY STATE'S ATTORNEY
TRICIA L. SMITH
601 North Main Street, Suite 302
Belvidere, Illinois 61008
815/544-0868

Robin Babcox-Poole
Assistant State's Attorney

## CERTIFICATE

The undersigned being first duly sworn on oath, deposes and says that the foregoing instrument was served via email and deposited in U.S. mail before 5 p.m. on the 30 day of November, 2022.

SUBSCRIBED AND SWORN to before me this 30 day of November 2022.

Notary Public

OFFICIAL SEAL
G___ P. VILLARREAL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DEC. 02, 2022

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

PEOPLE OF THE STATE OF ILLINOIS, )
    PLAINTIFF, )
          VS. )   NO.   2021 CM 81
)
RICHARD WIGGINTON, )
    DEFENDANT. )

FILED BY___
BOONE COUNTY ILLINOIS
NOV 3 0 2022
Pamela Coduto
CLERK OF THE CIRCUIT COURT

## PEOPLE'S FIRST MOTION IN LIMINE

NOW COME the People of the State of Illinois, by their attorneys Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney, and move this Honorable Court pursuant to the Illinois Rules of Evidence to exclude certain argument at trial. In support of this motion the People state as follows:

1. This matter is set for jury trial.

2. Any reference to the jury about the possible punishments and penalties upon a finding of guilt is not relevant to the pending charges as it would not tend to make a fact of consequence more probable or less probable. Ill. R. Evid. 401.

3. Further, even if reference to possible punishments and penalties were relevant, it would be unduly prejudicial and should not be considered by the jury. Ill. R. Evid. 403.

WHEREFORE, the People pray the Court exclude any mention of the possible punishments and penalties with regard to the offenses as charged during the course of the trial.

PEOPLE OF THE STATE OF ILLINOIS

By: _____
Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINOIS
NOV 3 0 2022
Pamela Coduto
CLERK OF THE CIRCUIT COURT

PEOPLE OF THE STATE OF ILLINOIS, )
   PLAINTIFF, )
         VS. ) NO. 2021 CM 81
RICHARD WIGGINTON, )
   DEFENDANT. )

## PEOPLE'S SECOND MOTION IN LIMINE

NOW COMES the People of the State of Illinois by their attorneys, Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney requesting that this court enter an order prohibiting the defendant from making any Batson v. Kentucky, 476 U.S. 79 (1986) objections in the presence of or within the hearing of the jury. In support of this motion the People state as follows:

1. The above captioned matter is set for jury trial.

2. During voir dire the defendant may attempt to raise a Batson objection.

3. The effect of raising a Batson objection within the presence or hearing of the jury is to suggest to the jury that the prosecution has racial motives in prosecuting this defendant. To do so would be extremely prejudicial to the State.

WHEREFORE, the People pray that the court order the defendant make any Batson objections outside the presence of the jury.

PEOPLE OF THE STATE OF ILLINOIS

BY: _____
Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINOIS
NOV 3 0 2022
Pamela Coduto
CLERK OF THE CIRCUIT COURT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | NO. 2021 CM 81 |
| RICHARD WIGGINTON, | ) | |
| DEFENDANT. | ) | |

## PEOPLE'S THIRD MOTION IN LIMINE

NOW COMES the People of the State of Illinois by their attorneys, Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney requesting that this court enter an order prohibiting the photographing or otherwise recording of jurors and witnesses or to retain in any manner juror and witness information. In support of this motion the People state as follows:

1. The above captioned matter is set for jury trial.

2. The legislature has recognized that in order to maintain the integrity of the justice system, jurors, both during and after service, and witnesses in a trial must remain free from harassment. People v. Cardamone, 232 Ill.2d 504 (discussing the purpose of 720 ILCS 5/32-4(a)).

3. During the course of the trial, Defendant, who is proceeding *pro se*, will have access to police reports and jury information sheets that will contain personal information about witnesses and jurors, respectively.

4. It would be improper for Defendant to photograph or otherwise record jurors and witnesses themselves, inside or outside of the courtroom, as well as to photograph, record, or otherwise retain their personal information.

WHEREFORE, the People pray that the court order that Defendant be barred from photographing or otherwise recording jurors and witnesses, as well as to retain in any manner juror and witness information.

PEOPLE OF THE STATE OF ILLINOIS

BY: _____
Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINOIS
NOV 3 0 2022
Pamela Coduto
CLERK OF THE CIRCUIT COURT

PEOPLE OF THE STATE OF ILLINOIS, )
    PLAINTIFF, )
            VS. ) NO. 2021 CM 81
RICHARD WIGGINTON, )
    DEFENDANT. )

## PEOPLE'S FOURTH MOTION IN LIMINE

NOW COMES the People of the State of Illinois by their attorneys, Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney requesting that this court enter an order requiring all arguments regarding the admissibility of evidence and any other objections be made outside the presence of the jury. In support of this motion the People state as follows:

1. The above captioned matter is set for jury trial.

2. The Illinois Supreme Court has observed that "juries are composed of laypersons who are not trained to separate issues and to disregard irrelevant matters," thus it is solely the purview of the Court to determine the admissibility of evidence to be submitted to a jury and the law to be applied to a case by the jury. People v. Fane, 2021 IL 126715, ¶ 34.

3. While both the State and the Defendant may raise objections during a jury trial, the Court must, to the extent practicable, "prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Ill. R. Evid. 103 (a)(1) & (d).

4. "The fact of or reasons for objections being made to the introduction of evidence is of no concern to the jury in the proper performance of their function." People v. Maldonado, 3 Ill.App.3d 216, 225 (1st Dist. 1971).

WHEREFORE, the People pray that the court order that arguments regarding the admissibility of evidence or any other objections be made outside the presence of the jury.

PEOPLE OF THE STATE OF ILLINOIS

BY: _____
Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINOIS
NOV 3 0 2022
Pamela Coduto
CLERK OF THE CIRCUIT COURT

| PEOPLE OF THE STATE OF ILLINOIS, | ) |
|---|---|
| PLAINTIFF, | ) |
| VS. | ) NO. 2021 CM 81 |
| RICHARD WIGGINTON, | ) |
| DEFENDANT. | ) |

## PEOPLE'S FIFTH MOTION IN LIMINE

NOW COMES the People of the State of Illinois, by their attorneys Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney, and moves this Honorable Court to rule that the People be permitted to introduce certain videos into evidence at trial. In support of this motion the People state the following:

1. This matter is set for jury trial.
2. The State is in possession of certain video evidence that it will seek be admitted into evidence during the jury trial. Defendant has been provided an opportunity to review said evidence but has thus far declined to do so. The State will continue to have the videos available for review by Defendant by appointment at the State's Attorney's Office. The State will also have the videos available for review by Defendant at the hearing on this Motion in Limine and during trial.
3. Said videos capture the events in this matter and should be admissible pursuant to IL. R. Evid. 1003 & 1004 and People v. Taylor, 2011 IL 110067.

### Cell Phone Videos from Defendant

4. Upon information and belief, Sergeant Polnow of the Belvidere Police Department will testify to the following at trial:
   a. On or about July 7, 2021, he responded to the Public Safety Building in reference to a request for a supervisor call.
   b. It was Defendant who had requested to meet with a supervisor.
   c. He met with Defendant at which time Defendant handed him paperwork and 2 CDs labeled "exhibit CD #1" and "exhibit CD #2."

      d. He made copies of the paperwork to Deputy Chief Wallace and placed the originals with the police report in Incident# 202100009949.

      e. He had copies made of the CDs and gave those copies to Deputy Chief Wallace and placed the 2 original CDs into evidence.

5. Upon information and belief, Deputy Chief Matthew Wallace of the Belvidere Police Department will testify to the following at trial:

      a. He reviewed the copies of the contents of the CDs provided by Defendant.

      b. The recordings in the possession of the State are the recordings received from Defendant.

### Cell Phone Video #1

6. Exhibit A is a copy of "exhibit CD #1" that Sergeant Polnow received from Defendant.

7. This video was taken by and provided by Defendant.

8. Upon information and belief, parties present in the video will testify that it is a fair and accurate representation of the events in this case.

9. The State believes that the video is relevant in its entirety and that no redactions are necessary before seeking to admit the video into evidence at trial and seeking to publish the video to the jury.

### Cell Phone Video #2

10. Exhibit B is a copy of "exhibit CD #2" that Sergeant Polnow received from Defendant.

11. Upon information and belief, the video was taken by T.W. (Defendant's minor daughter). The video captures in part the arrest of Defendant.

12. Upon information and belief, parties present in the video will testify that it is a fair and accurate representation of the events in this case.

13. The State believes that the contents of the video from 00:00 – 01:16 are relevant and that the remainder of the video should be redacted prior to seeking to admit the video into evidence at trial and seeking to publish the video to the jury.

## Post Office Video

14. Upon information and belief, US Postal Inspector Daniel Rodriquez will testify to the following:
    a. He received a request from Deputy Chief Matthew Wallace for a copy of surveillance video from the Belvidere Post Office which captured the events in this case.
    b. He provided a copy of that video to Deputy Chief Wallace on or about June 14, 2021.
    c. That the recording in the State's possession are the recordings he provided Deputy Chief Wallace.
15. Upon information and belief, Deputy Chief Matthew Wallace of the Belvidere Police Department will testify to the following at trial:
    a. He received a disc from US Postal Inspector Daniel Rodriguez on or about June 14, 2021.
    b. He placed the disc into evidence.
    c. The recordings in the possession of the State are the recordings received from Mr. Rodriguez.
16. Exhibit C is a copy of the surveillance video.
17. Upon information and belief, parties present in the video will testify that it is a fair and accurate representation of the events in this case.
18. The State believes that the contents of the video from 12:02:37 (start of the video) – 12:18:40 are relevant and that the remainder of the video should be redacted prior to seeking to admit the video into evidence at trial and seeking to publish the video to the jury.

WHEREFORE, the People pray the Court rule that:

1. Upon the laying of proper foundation, the State be permitted to introduce into evidence the entire contents of Exhibit A ("exhibit CD #1");
2. Upon the laying of proper foundation, the State be permitted to introduce into evidence 00:00 – 01:16 of Exhibit B ("exhibit CD #2); and
3. Upon the laying of proper foundation, the State be permitted to introduce into evidence 12:02:37-12:18:40 of Exhibit C (surveillance video).

Respectfully Submitted:

BY: *[signature]*

Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINO
NOV 3 0 2022
Pamela Codut
CLERK OF THE CIRCUIT COUR

PEOPLE OF THE STATE OF ILLINOIS, )
    PLAINTIFF, )
    VS. ) NO. 2021 CM 81
RICHARD WIGGINTON, )
    DEFENDANT. )

## PEOPLE'S SIXTH MOTION IN LIMINE

Now come the People of the State of Illinois, by Boone County State's Attorney Tricia L. Smith and Assistant State's Attorney Robin Babcox-Poole, and respectfully move this court rule that the People be permitted to introduce contents of a 911 recording into evidence at trial. In support of this motion the People state the following:

1. This matter is set for jury trial.

2. During the events of this case, one of the alleged victims called 911.

3. Exhibit D is a copy of the recording of the 911 call.

4. The State possesses a copy of the 911 recording captured during the alleged victim's call to 911 that it will seek be admitted into evidence during the jury trial. Defendant has been provided an opportunity to review said evidence but has thus far declined to do so. The State will continue to have the recording available for review by Defendant by appointment at the State's Attorney's Office. The State will also have the recording available for review by Defendant at the hearing on this Motion in Limine and during trial.

5. A 911 recording is admissible under the business record exception to the hearsay rule.

6. Business records shall be admissible as evidence if made in the regular course of business, and if it was the regular course of business to make such record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter. 725 ILCS 5/115-5.

7. Evidence which is otherwise relevant will not be excluded merely because it may prejudice the defendant. People v. Williams, 181 Ill.2d 297, 314 (1998).

8. Evidence may be properly admitted even if cumulative to oral testimony covering the same issue. *Id.* at 315.

9. Sound recordings which are otherwise competent, material and relevant, are admissible into evidence if a proper foundation has been laid to assure the authenticity and reliability of the recordings. People v. Gaurige, 168 Ill.App.3d 855, 865 (1st Dist. 1988).

10. There is no confrontation clause issue as upon information and belief both the caller and the 911 dispatcher will be present at trial and subject to cross examination.

WHEREFORE, the People pray the Court rule that upon the laying of proper foundation, the State be permitted to introduce into evidence the entire contents of Exhibit D (911 call).

People of the State of Illinois

BY: _____

Robin Babcox-Poole
Assistant States Attorney
People of the State of Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED
BOONE COUNTY ILLIN
NOV 3 0 2022
Pamela Cod...
CLERK OF THE CIRCUIT CO...

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | NO. 2021 CM 81 |
| RICHARD WIGGINTON, | ) | |
| DEFENDANT. | ) | |

## PEOPLE'S SEVENTH MOTION IN LIMINE

NOW COMES the People of the State of Illinois by their attorneys, Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney requesting that this court enter an order barring Defendant from questioning officers about their personnel files (including any disciplinary records and evaluations) and training records and the policies and procedures of the Belvidere Police Department. In support of this motion the People state as follows:

1. The above captioned matter is set for jury trial.

2. Defendant has been charged with Resisting a Peace Officer, Criminal Trespass, and Disorderly Conduct.

3. The jury should hear only relevant evidence during the trial. Ill. R. Evid. 402

4. Upon information and belief, Defendant and/or members of his family have received via FOIA requests the personnel files, including disciplinary records and evaluations, of the officers that may be called as witnesses in this case, training records, and the policies and procedures of the Belvidere Police Department.

5. None of the above listed materials are relevant to the question of Defendant's guilt or innocence. People v. Williams, 267 Ill.App.3d 82, 87 (2d Dist. 1994).

WHEREFORE, the People pray that the court enter an order barring Defendant from questioning officers about their personnel files (including any disciplinary records and evaluations) and training records and the policies and procedures of the Belvidere Police Department.

PEOPLE OF THE STATE OF ILLINOIS

BY: _____
Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINOI
NOV 3 0 2022
Pamela Coduto
CLERK OF THE CIRCUIT COUR

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
|     PLAINTIFF, ) | |
|                VS. ) | NO. 2021 CM 81 |
| RICHARD WIGGINTON, ) | |
|     DEFENDANT. ) | |

### PEOPLE'S EIGHTH MOTION IN LIMINE

NOW COMES the People of the State of Illinois by their attorneys, Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney requesting that this court enter an order barring argument regarding jurisdiction during jury trial. In support of this motion the People state as follows:

1. The above captioned matter is set for jury trial.

2. Jurisdiction must be proved beyond a reasonable doubt at trial unless there is a presumption of jurisdiction. People v. Holt, 91 Ill.2d 480, 492 (1982). While there have been many arguments regarding jurisdiction before this court, and other courts, in this case, there is no disagreement that the post office in which, and outside of which, the events in this case occurred is located within the state of Illinois.

3. When, as in this case, there is no factual dispute about the location of an alleged crime, only a legal question about whether the agreed-upon facts are sufficient to confer jurisdiction, it is proper for the court, rather than a jury to decide the issue of jurisdiction. People v. Choate, 2018 IL App (5th) 150087, ¶ 24 (stating proving jurisdiction beyond a reasonable doubt at trial means proving the fact that the offense charged took place wholly or partly within Illinois).

4. The Illinois Supreme Court has observed that "juries are composed of laypersons who are not trained to separate issues and to disregard irrelevant matters," thus it would be improper, as well as prejudicial to the State, to allow any argument regarding jurisdiction to be presented to the jury, in any manner. People v. Fane, 2021 IL 126715, ¶ 34.

WHEREFORE, the People pray that the court enter an order barring argument regarding jurisdiction during the jury trial.

PEOPLE OF THE STATE OF ILLINOIS
BY: _____
Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED BY
BOONE COUNTY ILLINO
NOV 3 0 2022
Pamela Cod...
CLERK OF THE CIRCUIT COU

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | | |
| PLAINTIFF, ) | | |
| VS. ) | NO. | 2021 CM 81 |
| RICHARD WIGGINTON, ) | | |
| DEFENDANT. ) | | |

## PEOPLE'S NINTH MOTION IN LIMINE

NOW COMES the People of the State of Illinois, by their attorneys Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney, and moves this Honorable Court to exclude certain argument at trial. In support of this motion the People state as follows:

1. The defendant is charged with Resisting a Peace Officer (Counts 1, 2 and 3).

2. The counts of Resisting an Officer allege that Defendant resisted being arrested by Officer Brox and Officer Reese.

3. A person commits the offense of resisting or obstructing a peace officer when he knowingly resists the performance of any *authorized act* within the official capacity of one known to him to be a peace officer. Illinois Pattern Jury Instruction, Criminal, 22.13. (emphasis added)

4. An arrest made by a peace officer is an authorized act. City of Champaign v. Torres, 214 Ill.2d 234, 241-242 (2005).

WHEREFORE, the People pray the Court enter an order barring Defendant from arguing that his arrest by officers was not an authorized act.

Respectfully Submitted:

BY: /s/ Robin Babcox-Poole

Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

FILED
BOONE COUNTY ILLINOIS
NOV 3 0 2022
Pamela Cody
CLERK OF THE CIRCUIT COURT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | NO. 2021 CM 81 |
| RICHARD WIGGINTON, | ) | |
| DEFENDANT. | ) | |

## PEOPLE'S TENTH MOTION IN LIMINE

NOW COMES the People of the State of Illinois, by their attorneys Tricia L. Smith, State's Attorney, Boone County, Illinois, and Robin Babcox-Poole, Assistant State's Attorney, and moves this Honorable Court to exclude certain argument at trial. In support of this motion the People state as follows:

1. The defendant is charged Resisting a Peace Officer (Counts 1, 2 and 3).

2. The counts of Resisting an Officer allege that Defendant resisted being arrested by Officer Brox (Counts 1 and 3) and Officer Reese (Count 2).

3. While the State believes that the arrest of Defendant in this case was lawful, the lawfulness or unlawfulness of the arrest of Defendant by the officers is not relevant to charge of resisting a peace officer. People v. Taylor, 112 Ill.App.3d 3, 5 (2d Dist. 1983).

4. Unlawfulness of an arrest is not a defense to resisting a peace officer unless or until evidence is presented that either Defendant was not aware of police officer's identity or there was excessive force on part of the arresting officer. Id. at 6. People v. Williams, 267 Ill.App.3d 82, 88 (2d Dist. 1994).

5. To date, Defendant has not filed any affirmative defenses in this matter.

WHEREFORE, the People pray the Court enter an order barring Defendant from arguing that officers were making an unlawful arrest of Defendant.

Respectfully Submitted:

BY: _____

Robin Babcox-Poole
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
|     PLAINTIFF, ) | |
|         VS. ) | NO. 2021 CM 81 |
| RICHARD WIGGINTON, ) | |
|     DEFENDANT. ) | |

## MOTION TO ENTER SUPPLEMENTAL ORDER

NOW COME the People of the State of Illinois, by their attorneys Tricia L. Smith, State's Attorney, Boone County, Illinois, and Karla M. Maville, Assistant State's Attorney, and move this Honorable Court to enter a Supplemental Order revising this Court's July 6, 2022 Order in the form attached to this Motion. In support thereof, the State presents the following facts:

1. On July 6, 2022, an Order was entered in this cause prohibiting the dissemination of the police reports in this matter.
2. The Order inadvertently omitted the 911 calls and videos relevant to this matter.
3. The State believes that the Courts oral ruling on that date was inclusive of the 911 calls and videos.

WHEREFORE, the People of the State of Illinois respectfully request this Court to enter the proposed Supplemental Order in the form attached hereto.

PEOPLE OF THE STATE OF ILLINOIS

By: _____
Karla M. Maville
Assistant State's Attorney

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, <br> PLAINTIFF, <br> VS. <br> RICHARD WIGGINTON, <br> DEFENDANT. | ) ) ) ) ) ) | NO. 2021 CM 81 |

## SUPPLEMENTAL ORDER

This matter comes before the Court on the State's Motion for Supplemental Order; the Court having been fully advised in the premises; the State having appeared by Assistant State's Attorney Karla M. Maville; the defendant having appeared pro-se;

IT IS HEREBY ORDERED:

A protective order is hereby granted for the police reports, the videos, and the 911 recordings in the matter and the foregoing shall not be disseminated by any person or entity to the defendant or any other person without further order of this Court. All provisions of the July 6, 2022 Order of this Court not inconsistent with this Order remain in effect.

Dated: _____

Enter: _____
Judge

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

PEOPLE OF THE STATE OF ILLINOIS, )
        Plaintiff, )
         )
VS. ) NO. 21-CM-81
         )
RICHARD WIGGINTON, )
        Defendant. )

## NOTICE

TO: Richard Wigginton
549 Prairie Point Dr.
Poplar Grove, IL 61065

mericaoncheck@yahoo.com

PLEASE TAKE NOTICE THAT on the 22nd day of December, 2022, at 2:00 p.m., the undersigned shall appear before Judge Ryan A. Swift, in the Boone County Courthouse, 601 N. Main Street, Belvidere, Illinois, or any judge sitting in his stead for: Motion to Enter Supplemental Order.

BOONE COUNTY STATE'S ATTORNEY
Tricia L. Smith
601 North Main Street, Suite 302
Belvidere, Illinois 61008
815/544-0868

Karla M. Maville
Assistant State's Attorney

## CERTIFICATE

The undersigned being first duly sworn on oath, deposes and says that the foregoing instrument was served by regular first-class U.S. mail and by email transmission on the ___ day of December, 2022.

Corina A. Steiner

SUBSCRIBED AND SWORN to before me this ___ day of December, 2022.

Notary Public

KELSEY A. EDWARDS
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
September 06, 2026