# EXHIBIT #G

FILED
BOONE COUNTY ILLINOIS
OCT 12 2021
*Linda O. Anderson*
CLERK OF THE CIRCUIT COURT

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF BOONE

PEOPLE OF THE STATE OF ILLINOIS, )
          Plaintiff, )
VS. ) NO. 21 CM 81
)
RICHARD WIGGINTON, )
          Defendant, )

## STATE'S ANSWER TO DEFENDANT'S MOTION TO DISMISS

NOW COMES the People of the State of Illinois by Desirée B. Sierens, Assistant State's Attorney, in and for its answer to the Defendant's Motion to Dismiss. In support of said answer states as follows:

1. On May 18, 2021, the defendant was charged with Resisting a Peace Officer, Criminal Trespass to Real Property, and Disorderly Conduct by complaint in Boone County, Illinois.

2. On July 20, 2021, the State filed an eight count information, which superseded the complaint, charging three counts of Resisting a Peace Officer, two counts of Criminal Trespass to Real Property, and three counts of Disorderly Conduct.

3. On August 23, 2021, the defendant filed a Motion to Dismiss (hereinafter Motion), pursuant to 725 ILCS 5/114-1(a). Specifically, throughout the voluminous Motion, the defendant asserts that the cause should be dismissed pursuant to paragraphs 6 and 7 of 725 ILCS 5/114-1(a) and due to due process violations. After the Proof of Delivery section, the defendant has attached Defendant's Motions (sic) to Dismiss (hereinafter Motion 2). Defendant, in Motion 2, again asserts a due process violation and that the motion is being made pursuant to 725 ILCS 5/114-1(a).

4. 725 ILCS 5/114-1 is the correct statute in which to bring a Motion to Dismiss. That statute lays out the eleven different grounds in which a case may be dismissed. The defendant cites to only two grounds, those found in paragraphs 6 and 7. Both paragraphs pertain to jurisdiction. Specifically, paragraph 6 states, "[t]he court in which the charge has been filed does not have jurisdiction." Paragraph 7 states, "[t]he county is an improper place of trial."

5. The defendant agrees that the charged conduct occurred at the United Postal Service, located at 1800 Doc Wolf Drive, Belvidere, Boone County, Illinois.

6. The United Postal Service property located at 1800 Wolf Dr., Belvidere, Boone County, Illinois, was acquired by the Federal Government in 1997. Under 40 USC § 255, Postal property acquired since 1962 is considered proprietary jurisdiction. That means the Federal government has acquired some right of title in a State but has not obtained any measure of the State's authority over the area.

7. The local police enjoy the same rights on the postal property on Wolf Drive in Belvidere, Illinois, as they do any private property, so long as they do not unduly interfere with Postal operations. Administrative Support Manual, United State Post Office, Issue 13, July 1999 (updated through January 31, 2021), §273.15 (cited in a redacted letter to the Boone County State's Attorney's Office from the United States Postal Inspection Service, September 22, 2021, attached hereto as Exhibit A), full text available at https://www.nalc.org/workplace-issues/resources/body/Administrative-Support-Manual-Issue-13-July-1999-Updated-Through-January-2021.pdf

8. Defendant points to 18 USC § 7, special maritime and territorial jurisdiction of the United States, to support his jurisdictional argument. Said statute is not applicable to this case as the postal property is subject to proprietary jurisdiction. 18 USC §7, ¶3 (effective 2001).

9. Defendant further states that crimes involving postal service property and personnel are investigated by law enforcement officers from the Postal Service and that conduct on postal property is regulated by 39 C.F.R. §232.1. The regulations governing conduct on Postal Service property do not preempt state statutes, nor do they prohibit the enforcement of state statutes by local law enforcement, as said regulations specifically provide that "nothing contained therein should be construed to abrogate any state or local laws and regulations applicable to any area in which the property is situated." 39 C.F.R. §232.1, ¶p(2).

10. The State of Illinois has jurisdiction over this case in that it is a criminal case that is alleged to have occurred wholly within the State of Illinois. See 720 ILCS 5/1-5(a)(1).

11. The County of Boone has jurisdiction over this case in that the alleged criminal offense occurred within the County of Boone. See 720 ILCS 5/1-6(a).

12. For the aforementioned reasons, jurisdiction is properly within that of the 17th Judicial Circuit, specifically Boone County, Illinois.

13. As for the alleged due process violations, the defendant asserts a violation of the First Amendment, Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment. The dismissal of charges based upon due process grounds requires that "the denial of due process must be unequivocally clear, and the prejudice must be actual and substantial." People v. Oliver, 368 Ill.App.3d 690, 694-95 (2d Dist. 2006).

    a. As to the First Amendment, all of the case law cited by the defendant pertains to the video taping of police officers as they perform their duties. In this case, the defendant is not charged with videotaping a police officer during the course of his/her employment. Nothing cited by the defendant allows for the defendant to video tape the interior of a post office, especially when told, or asked, not to video tape. Additionally, the defendant fails to assert, with specificity, a due process violation as to himself.

    b. As to the Fourth Amendment, Defendant's Motion 2 is the wrong vehicle in which to assert this claim. Additionally, the defendant asserts that the officers lacked probable cause to arrest him because "there was no sign posted prohibiting entry onto the property." ¶81 of Motion 2. Defendant is not charged under the unlawful entry portion of the trespass statute. Rather, he is charged with remaining on the property after told to leave.

    c. As to the Fifth Amendment claims, Defendant's Motion 2 fails to assert what statute he is charged under that is so vague as to deprive him of due process.

    d. As to the Ninth Amendment, that State is unsure how a contractual agreement falls under the protections afforded under the Ninth Amendment.

    e. As to the Fourteenth Amendment, Defendant's Motion 2 fails to assert at what point there was a due process violation as to him.

14. Defendant's Motion 2 then makes allegations as to each offense charged. Those allegations appear to be jurisdictional, and the State reaffirms the arguments previously stated about jurisdiction. Specifically, as to the Resisting a Peace Officer charge, the defendant in Motion 2, ¶ 120, cites to a portion of the statute that is not effective until

January 1, 2023. However, the defendant is charged with Resisting a Peace Officer only after he was being arrested for Criminal Trespass to Land. Additionally, the defendant was charged with a physical act of resistance- pulling away (two counts) and tensing his arms.

15. Defendant's Motion 2 further alleges prosecutorial misconduct. Under that heading, there are various allegations.
    a. As to the section Probable Cause in Motion 2, the defendant states defenses to one or more of the offenses charged.
    b. As to the section False Evidence in Motion 2, the defendant has failed to state, with specificity, what evidence thus presented was false and violated due process.
    c. As to the section Retailiatory (sic) Arrest of Motion 2, the defendant has failed to state, with specificity, how due process was violated.
    d. As to the section Presectuorial (sic) Misconduct of Motion 2, the defendant has failed to state, with specificity, how due process was violated. If anything, this is again a jurisdiction argument, which the State has already addressed.
    e. As to the section One Act One Crime Doctrine of Motion 2, it is clear the defendant has no clear understanding of this Rule. Defendant's arguments in this section of Motion 2 pertains to a conviction entering on only one offense when the defendant is found guilty of a more serious offense and a lesser included offense. The One Act Once Crime Rule is not a basis to ask for a dismissal of the charge.
    f. As to the section Mistake in Criminal Complaint of Motion 2, the defendant again asserts a jurisdiction claim and that victim(s) are not identified. Again, the State asserts that it has jurisdiction. The Information does list the alleged victims. The defendant may disagree with who is a victim, but that is an issue for the trier of fact, not a Motion to Dismiss. The defendant makes certain allegations against Assistant State's Attorney Babcox-Poole. All of those allegations are conjecture on the part of the defendant and do not show any specific prejudice toward him specifically.

g. As to the section Prosecutor Biased/Prejudiced of Motion 2, the defendant again asserts a jurisdiction argument. The State has addressed those arguments previously in this Answer.

WHEREFORE, the State prays that the Court enter an order denying Defendant's Motion to Dismiss.

People of the State of Illinois

BY: *Desirée B. Sierens*
Desirée B. Sierens
Assistant State's Attorney

Assistant State's Attorney
601 N. Main St., Suite 302
Belvidere, IL 61008
(815) 544-0868