IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Case/Cause No. 22 c 50440

FILED
JAN 31 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Richard Wigginton,

Petitioner, Plaintiff,

V.

United States Postal Service…et al

Respondent, Defendant,

In a Petition Intervention
The Circuit Court Boone County
Illinois

Case No. 2021-CM-81
Honorable Judge Ryan Swift

PETITION for RECONSIDERATION, and RELIEF from a JUDGMENT or ORDER

**¶1.** Now comes plaintiff Richard Wigginton, pursuant to Federal rule 60(b)(1)(2), 60(d)(1) and any other applicable Federal statute or regulation. On this motion Federal Civil issue to reconsider which is available to correct manifest errors of law and fact, or to present newly discovered evidence. *Wolves v. National Railroad Passenger Corp.*, 1990 WL 84519, at *1 (N.D. Ill. 1990) (not reported in F. Supp.) (citing *Publisher's Resource Inc. v. Walker-David Publications, Inc.*, 726 F.2d 557, 561 (7th Cir. 1985).

**¶2.** Plaintiff seeks <u>Judicial Notice</u> to the herewith attached **(NEWLY DISCOVERABLE EVIDENC** Exhibit #A. Direct, documentary, demonstrative, exculpatory, physical and prima facie evidence supplied by Defendant U.S.P.S. on January 11, 2023, (the same day as the order of this Court).

**¶3.** There is no indication that pursuant to and under 39 U.S.C. "as to territory" and 39 C.F.R. "as to Subject Matter" for United State Postal Service; property and facilities, that 40 U.S.C § 3112 "as to territory for federal property" or 41 C.F.R. §102-74 "as to subject matter" is applicable, <u>it simply does not apply.</u>

## EXHIBIT #A

**¶4.** A Freedom of Information Act request was submitted to the USPS for public information. Number #1 and specifies the information requested, the correspondence provided an attached document identifying three properties. #1 request:

"Please provide a full and complete list of any and all USPS properties that are under the

custody, control, authority or otherwise of the Government Services Administration "GSA". I would specifically narrow the request for the State of ILLINOIS.

¶5. The correspondence contained information as to USPS and GSA properties regarding jurisdiction of Postal facilities.

A. That being said the United State Postal Service has expressly identified three facilities in the State of Illinois in response to the request in the following;

B "the first two facilities in the attached document are USPS **Owned** facilities **leased** to the GSA.(1) Property ID: # 160046-G01---Type: Building Only--- Post Office Name: Chicago (CIMS-SOUTH) INT'L/MILITARY SVS CNT, Address:11600 W Irving Park Road; City: Chicago; State: IL; and (2) Property ID # 166786-G02; Type: Building and Land; Post Office Name: ROCK ISLAND DOWNTOWN STATION; Address: 1956 2ND Ave; City: Rock Island; State: IL.

C **\*\*\*\* Notwithstanding the two properties identified above in #B which are owned by the USPS, these properties are leased to GSA, commencing territorially jurisdiction 40 U.S.C. § 3112** *(a) Exclusive Jurisdiction Not Required.—It is not required that the Federal Government obtain exclusive jurisdiction in the United States over land or an interest in land it acquires.(b) Acquisition and Acceptance of Jurisdiction.—When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.(c) Presumption.—It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.* **This initiates 41 C.F.R. § 102-74, #c, commencing "subject matter" of Conduct on Federal Property.**

D. The third property and last facility identified is a GSA owned facility leased to the USPS, Property ID: 161562-G01; Type; Building and Land; Post Office address; CHICAGO LOOP STATION; address: 211 S. Clark St; City: Chicago; State: IL.

E. This location requires unique analysis, In 1960, Congress authorized the U.S. General Services Administration to construct a new office complex in Chicago's Loop District. The Federal Center consolidated over thirty agencies formerly scattered throughout the city in substandard leased space. The original plan for the Chicago Federal Center called for two towers. The first was to house federal agencies including the U.S. Department of the Treasury and U.S. Department of Defense. The second was for the courts, U.S. Department of Justice, and U.S. Postal Service. However, vehicular access

for the post office required a street-level loading dock that would have intruded on the openness of the plaza between the two buildings. Mies designed a separate post office building with its own, below-grade vehicular access. Tenants occupied the new U.S. Courthouse, the first of the complex's three buildings to be completed, in 1964. The government began demolition of the old post office in 1965 to clear the site for the two remaining buildings. The Loop Station Post Office and new Federal Building were completed in 1973 and 1974 respectively. The Federal Center extends over two blocks; a one-block site, bounded by Jackson, Clark, Adams, and Dearborn streets, contains the Federal Building and U.S. Post Office Loop Station, while a parcel on an adjacent block to the east contains the U.S. Courthouse.

F. Simplifying the analogy, this Federal Court Building identified under Government Services Administration "GSA" inventory. Primary tenants include (1) District Court, Northern District, Illinois, (2) Bankruptcy Court, (3) Attorney's Office, (4) Marshal Services, (5) Probation, (6) Pre-Trial, and (7) Federal Dependences. That is to say GSA manages the facility, and the building occupant "Federal" retain said exclusive jurisdiction, "territory and subject matter, "DOJ criminal resources."664". The phrase "needful buildings" is not strictly construed to include only military and naval structures, it is construed as "embracing whatever structures are found to be necessary in the performance of the function of the Federal Government. See "James Dravo Contracting co, 302 U.S. at 142-43. It therefore properly embraces Courthouses, custom's houses, Post Offices. This Court House has it's own security and police force I.e. Marshall service and Federal Protection Services. The same can be said for United States Postal Services who retain own security, postal police and law enforcement, i.e. United States Postal Inspection Services. Neither the Federal Courthouses or the United States Postal Service except for an agreement, MOU or otherwise allow any other law enforcement to enter facilities in any official capacity.

¶6. The United States Postal Service (39 USC "Postal Service") and the General Services Administration (40 USC Public Buildings, Property, and Works) are two individual, separate agencies, that is to say that under United States Code "USC" Additionally each agency have Codified Federal Regulations "CFR" United States Postal Service is pursuant to 39 C.F.R.§ 232.1, "Rules and regulations Governing Conduct on Postal Property", while the Government services Administration is Pursuant to 41 C.F.R. § 102-74, subsection c. "Rules and Regulations Governing Conduct on Federal Property. See Exhibit #B, corresponding poster for said property. Rules and regulation are prescribed by the Board of Governor of the USPS.

¶7. But for the USPS located at 211 S Clark Street Chicago, Illinois, is a separate building leased to the Postal Service from the GSA who manages the remainder of the Loop District. The Postal Service is unique and while GSA owns the property, the USPS as an independent executive branch of the government retains exclusive jurisdiction under the Constitution, pursuant to 18 U.S.C. Further all USPS properties are under Congressional legislation pursuant to 39 U.S.C. § 410, and all properties display Governing and controlling Conduct on Postal property under and pursuant to 39 C.F.R. § 232.1 "Poster 7".

3



¶8. The **United States Postal Service** is an independent agency, of the executive branch of the United States Federal Government, it is one of the few government agencies explicitly authorized by the U.S. Constitution.

¶9. The **General Services Administration (GSA)** is an independent agency of the United State Government established in 1949 to help manage and support the basic functioning of federal agencies. GSA supplies products and communications for U.S. government offices, provides transportation and office space to federal employees, and develops government-wide cost-minimizing policies and other management tasks. Rules and regulation are prescribed by the President.

¶10. GSA consists of two major services: the Federal Acquisition Service (FAS), and the Public Buildings Service (PBS); The Public Buildings Service (PBS) acquires and manages thousands of federal properties. In accordance with Title 40 of the United States Code, GSA is charged with promulgating regulations governing the acquisition, use, and disposal of real property (real estate and land) and personal property (essentially all other property). This activity is centered in GSA's Office of Government wide Policy. Policies promulgated by GSA are developed in collaboration with federal agencies and are typically published for public comment in the Federal Register before publication as a Final Rule

## APPLICABLE FEDERAL STATUTES AND REGULATIONS

(a)  PURSUANT to Postal Service **39 U.S.C. §410** "Application of other laws",

(b)  **18 U.S.C**. §"Crimes and criminal procedure against the United States

(c)  **18 U.S.C. §(7)** Special maritime and territorial jurisdiction of the United States.

(d)  **18 U.S.C. §7(3)** any lands reserved or acquired for the use of the United states, and under the exclusive or concurrent jurisdiction thereof, "needful buildings".

(e)  **39 C.F.R. §232.1** "conduct on Postal Property"

(f)  **39 C.F.R.§ 232.1(a)** applicability and **§(a)(i) this section does not apply to**: any portions of real property, owned or leased by the Postal Service, (i.e. property leased to the "GSA" Government Services Administration under 40 U.S.C. 3112), or that are leased or subleased by the Postal Service to private tenants for their exclusive use.

(g)  **39 C.F.R. §232.1 (p)(1)** alleged violation of theses rules and regulations are heard, and prescribed herein are imposed, either in a Federal District Court or by a Federal Magistrate in accordance with applicable Court rules.

**(h)** **39 C.F.R. §232.1;** penalties and other law; **§(p)(2)** whoever shall be found guilty of violating the rules and regulations in this section while on property under the charge and control of the Postal Service is subject to a fine as provided in **18 U.S.C. §3571** or imprisonment of not more than 30 days, or both. Nothing contained in these rules and regulations shall be construed to abrogate any other Federal laws or regulations or any States and local laws and regulations applicable to any area in which the property is situated, i.e. pursuant to **18 U.S.C. §13.**

**(i)** **18 U.S.C. §3571** "Criminal Procedure --Sentence of fines"

**(j)** **18 U.S.C. §13** "Laws of States adopted for areas within Federal jurisdiction"

**(k)** **39 C.F.R. §232.1 (q)**Enforcement.(1) Members of the U.S. Postal Service security force shall exercise the powers provided by **18 U.S.C. §3061(c)(2)**and shall be responsible for enforcing the regulations in this section in a manner that will protect Postal Service property and persons thereon.

**(l)** **18 U.S.C. §3061** Investigative powers of Postal Service personnel (a) Subject to subsection (b) of this section, Postal Inspectors and other agents of the United States Postal Service designated by the Board of Governors to investigate criminal matters related to the Postal Service and the mails may—(2) make arrests without warrant for offenses against the United States committed in their presence;

**(m)** **18 U.S.C. §3061** (b) The powers granted by subsection (a) of this section shall be exercised only—(1) in the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses.

**(n)** **18 U.S.C. §3061 (c)(1)** The Postal Service may employ police officers for duty in connection with the protection of property owned or occupied by the Postal Service or under the charge and control of the Postal Service, and persons on that property, including duty in areas outside the property to the extent necessary to protect the property and persons on the property.

**(o)** **18 U.S.C. §3061 (2)** With respect to such property, such officers shall have the power to—(A) enforce Federal laws and regulations for the protection of persons and property; (B) carry firearms; and (C) make arrests without a warrant for any offense against the Unites States committed in the presence of the officer or for any felony cognizable under the laws of the United States if the officer has reasonable grounds to believe that the person to be arrested has committed or is committing a felony.

**(p)** **18 U.S.C. §3061 (3)** With respect to such property, such officers may have, to such extent as the Postal Service may by regulations prescribe, the power to—(A) serve warrants and subpoenas issued under the authority of the United States; and (B) conduct

investigations, on and off the property in question, of offenses that may have been committed against property owned or occupied by the Postal Service or persons on the property.

**(q)** **18 U.S.C. §3061 (4)(A)** As to such property, the Postmaster General may prescribe regulations necessary for the protection and administration of property owned or occupied by the Postal Service and persons on the property. The regulations may include reasonable penalties, within the limits prescribed in subparagraph (B), for violations of the regulations. The regulations shall be posted and remain posted in a conspicuous place on the property. (B) A person violating a regulation prescribed under this subsection shall be fined under this title, imprisoned for not more than 30 days, or both.

**(r)** **39 C.F.R. §232.1 (q)(2)** Local postmasters and installation heads may, (notwithstanding **18 U.S.C. § 3061(c)(2)** pursuant to **40 U.S.C. § 1315(d)(3)** and with the approval of the chief postal inspector or his designee, **enter into agreements** with State and local enforcement agencies to insure that these rules and regulations are enforced in a manner that will protect Postal Service property. (3) Facilities and services of other agencies i.e. "United States Postal Service" -When the Secretary "DHS" determines it to be economical and in the public interest, the Secretary may utilize the facilities and services of Federal, State, and local law enforcement agencies, with the consent of the agencies.

**(s)** **39 C.F.R.§ 232.1 (q)(3)** Postal Inspectors, Office of Inspector General Criminal Investigators, and other persons designated by the Chief Postal Inspector may likewise enforce regulations in this section.

¶11. It is without a doubt and obvious by the order of the Court that not only did this Court fail to adequately review the Petition, it's erroneous error by insinuating that but for the Plaintiff's previously filed removal (22cv50361), it has all but refused to take notice of Plaintiff's Federal Civil Petition for Removal against Defendant United States Postal Service et. al. The Court's inaccurate presumption and analysis contained in the meager order has numerous erroneous errors and inaccuracies and to imply that this Removal is somehow significant to case (22cv50361), couldn't be further from the facts presented.

¶12. Federal courts are courts of limited jurisdiction and, as such, are empowered to hear only cases they have been authorized to hear by Congress. U.S. Const. art. III, § 2; *see also Kokkonen v Guardian Life Ins Co,* 511 U.S. 375, 377 (1994). Federal courts also have original jurisdiction over actions involving a federal question. 28 U.S.C. § 1331

¶13. When an action is not initially removable, the defendant has 30 days to remove to federal court after receiving a copy of "**other papers** from which it may first be ascertained" that the case is or has become removable. 28 U.S.C. § 1446(b)

¶14. Courts across the country have consistently held that section § 1446(b) permits a party to file a second notice of removal after an unsuccessful attempt at removal. The

mere fact that a case was previously remanded is not dispositive and does not by itself preclude a defendant from filing a second removal. "The only effect of adopting an absolute one-bite rule would be to be to encourage plaintiffs to be coy." Benson v S1 Handling Syst., Inc. 188 F.3d 780, 783 (7th Cir. 1999).

¶15. After Plaintiff filed a status for the above and title cause and after this Courts intentional delay in opinioning the Petition for Removal, what has occurred is nothing more than mere retaliation against the Plaintiff for speaking out and exercising his first Amendment right, redressing the Court by seeking a standing to the petition, in so doing attempting to chill his speech and violate his right to access the Federal Court. This Courts attempt to rely on cheap tactics by somehow implying the appeal process in case # 22cv50361, is some way advantageous in this case #22 c 50440 solely on that order is absurd, to think otherwise lacks wisdom, they are two separate cases, two independent, unconnected parties and two distinct and noticeable arguments.

¶16. Notwithstanding this Court improper assessment, of what the appeal order stated by indicating only *"the District Court properly remanded this case to State Court"* this Court intentionally failed to include what the Appellant Court further expressed in writing the opinion. The full language expressed included:

*"This Court has carefully reviewed the final order of the District Court, the record on appeal, and appellants brief and motion. Based on this review, the Court has determined that any issues are insubstantial".*

¶17. The appellant Court did not elaborate any further, notwithstanding the Appellant Courts intentions in the text, verbiage, or wording of the word "insubstantial" it could impart a number of arguments, that being said while Plaintiff preserved all elements, issues and matters, it goes to reason that the appellant court observed questions, regrettably but for the District Courts meager order, Plaintiffs appeal lacked substance.

¶18. Further, as the appeals court simply implied, Plaintiffs District Court Petition that gave rise to the appeal lacked substance, the wisdom of the order only states the District Court properly remanded back to the State Court, it contained no specific details, nor was there any judgment or view as to Plaintiff's complaint other than it was weak, which doesn't imply there is no case, rather the inefficiency of the argument, so goes the saying one should never be there own lawyer especially pro se parties, although it fully demonstrates the abusive power and discretion, by which Plaintiff seeks a full reconsideration.

¶19. Safeguarding ones Federally protected rights is one left to the Federally Court wholly and respectively as the Federal Government has the power to intervene when it suits national interest, and under the "Supremacy Clause" found in Article VI, federal laws and statutes supersede state law.

¶20. This Court dismissed for lack of subject matter jurisdiction is serious flaw in the

interpretation and ascription of the particular meaning: That being said Plaintiff reiterates the following: Notwithstanding Subject-matter jurisdiction is significantly more limited in united States Federal Courts. The maximal constitutional bounds of federal courts' subject-matter jurisdiction are defined by Article III Section 2 of the U.S. Constitution. Federal courts' actual subject-matter jurisdiction derives from Congressional enabling statutes, such as 28 U.S.C. § § 1330-1369 and 28 U.S.C. §§ 1441-1452.

¶21. The enabling statute for federal question jurisdiction, 28 U.S.C. § 1331, provides that the district courts have original jurisdiction in *all civil actions arising under the Constitution, laws, or treaties of the United States*

¶22. In criminal cases i.e. criminal (offenses against the laws of the United States, i.e. USPS.), the federal district courts of the United States have subject matter jurisdiction granted under 18 U.S.C. § 3231. Federal question jurisdiction allows federal district courts to hear cases that pertain to rights under the Constitution, or other federal law.

### SUBJECT MATTER JURISDICTION:

¶23. First and foremost the District Court of the United States have Jurisdiction when presented with Federal questions pursuant to 28 U.S.C.§1331. "**SUBJECT MATTER**" or where the Plaintiff alleges violation of the United States Constitution or Federal law to which the United States is a party, i.e. "United States postal Service". Thus giving rise to original jurisdiction under the Constitution to the District Courts pursuant to Article III of the United State Constitution. Federal Question jurisdiction eliminated amount in controversy, providing a judiciary avenue for Federal Courts to hear federal question even no money is sought by Plaintiff. Additionally Federal Court can hear cases authorized by Federal Statute. i.e. 28 U.S.C. §1339 "Postal Matters" the District Court shall have original jurisdiction of any civil actions under act of Congress relating to Postal Services.

Cases pertaining to and wherein the U.S. is a party, i.e. "United States Postal Service" can **only** be heard by federal courts.

### OTHER FEDERAL STATUTORY ELEMENTS:

¶24. 18 U.S.C. § 241 Conspiracy Against Rights Section 241 makes it unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the Unites States or because of his or her having exercised such a right. i.e. "First Amendment to the United States Constitution".

¶25. Notwithstanding, Plaintiff complaint is pursuant to 28 U.S.C. §1331 Federal Questions it's wise to seek guidance from 18 U.S.C. §242 Deprivation of Rights Under Color of Law This provision makes it a crime for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. It is *not* necessary that the offense be motivated by racial bias or by any

other animus. Defendants act under color of law when they wield power vested by a government entity. Those prosecuted under the statute typically include police officers, sheriff's deputies, and prison guards. However other government actors, such as judges, district attorneys, other public officials, and public school employees can also act under color of law and can be prosecuted under this statute. Section §242 does not criminalize any particular type of abusive conduct. Instead, it incorporates by reference rights defined by the Constitution, ("Amendments") federal statutes, (United States Codes) "U.S.C." and (Codified Federal Regulations) "C.F.R" and interpretive case law. The Department has also prosecuted public officials for thefts, false arrests, evidence-planting, and failing to protect someone in custody from constitutional violations committed by others.

¶26. 18 U.S.C. § 245(b)(2)Federally Protected Activities Subsection (b)(2) of § 245, which is primarily enforced by the Criminal Section of the Civil Rights Division, makes it unlawful to willfully injure, intimidate or interfere with any person --or to attempt to do so -- by force or threat of force, because of that other person's race, color, religion or national origin and because of the person has been doing one of the following: Participating; (a) facility of interstate commerce or common carrier i.e. a *carrier* (USPS) is a person or company that transports goods or people for any person or company and is responsible for any possible loss of the goods during transport. A common carrier offers its services to the general public under license or authority provided by a regulatory body, (USPS Board of Governors) which has usually been granted "ministerial authority" by the legislation that created it. (39 USC and 39 CFR) The regulatory body may create, interpret, and enforce its regulations upon the common carrier (subject to judicial review) with independence and finality as long as it acts within the bounds of the enabling legislation. (b) Patronizing a place of public accommodation Examples of government-owned/operated entities include: Courthouses, Libraries, and Post offices. Federal and state laws protect designated groups from discrimination in places of public accommodations, based on the premise that everyone is entitled to enjoy the goods and services of the public accommodation on an equal basis

¶27. By and through this reconsideration, Plaintiff has thoroughly explained with methodical legal argument and would just simply conclude with this: Separation of powers are a pinnacle point in our judicial system, Congress enacted United States Codes and Codified Federal Regulation's to enforce rule of law, and to preserve Federal freedoms Constitutional and Civil rights. that being said: Pursuant to 39 U.S.C. §401 "General powers of the Postal Service", §403 "General duties" §404 "Specific Powers" and §410, "Application of other laws", (b)(2) title 18 U.S.C. including §7(3) "Special maritime and territorial jurisdiction of the United States defined and 39 C.F.R.§ 232.1 "Conduct on Postal property" pursuant to title18 all run concurrently, are the controlling authority and power to United States Postal Properties (whether 1970 and beyond or predating) under the exclusive jurisdiction of District Courts pursuant to 28 U.S.C.§1339 among other applicable statutes, with the exclusion of and notwithstanding 40 U.S.C §3112 which is not applicable as explained herein.

**WHEREFORE**: Plaintiff for the aforementioned with this reconsideration seeks this

District Court upon this Petition to reconsider, to otherwise Remove and transfer the Boone County case #2021-CM-81, as Defendant USPS is a Government entity and USPS employees are under Federal jurisdiction. Proper venue and jurisdiction and SUBJECT MATTER as to "conduct on Postal property" is proper in the Northern District Court of Illinois, and for any and all further proceedings and by the virtue vested in this Court, stay all State Court proceedings, therein granting Plaintiff full removal and injunctive relief as so required to protect and safeguard Plaintiff's Federally protected Constitutional and Civil rights where the Government USPS and USPS employee are named Defendant accordingly.

Richard Wigginton
549 Prairie point Drive
Poplar Grove, Illinois 61065
309-716-5622

## CERTIFICATE OF SERVICE

The undersigned, pro-se plaintiff hereby certifies that a true and correct copy of the foregoing was served on all parties.

Richard Wigginton
549 Prairie point Drive
Poplar Grove, Illinois 61065
309-716-5622

FOIA Case No. 2023-FPRO-00188      richbev77@yahoo.../Inbox

 **Millin, Carie A - Washington, DC** <carie.a.millin@usps.gov>      Jan 11 at 4:12 PM
To: Richbev77@yahoo.com <richbev77@yahoo.com>

Mrs. Wigginton:

In response to FOIA Case No. 2023-FPRO-00188 please find the letter and responsive document attached. Thank you.

Best regards,
Carie Millin
Facilities Program Analyst | Facilities – Program Management
Headquarters | Washington, D.C. 20260
Carie.A.Millin@usps.gov

2 Files : 227.6kB

📄 2023-FPRO- 00188 Final Response.pdf
   116kB

📄 USPS - Illinois.pdf
   111kB

FACILITIES


**UNITED STATES POSTAL SERVICE**

January 11, 2022

Via Email: Richbev77@yahoo.com

Beverly Wigginton
P.O. Box 1235
Belvidere, IL 610081235

RE: FOIA Case No. 2023-FPRO-00188

Dear Mrs. Wigginton:

This responds to your Freedom of Information Act (FOIA) request dated October 27, 2022, to the United States Postal Service (USPS) in which you seek the following:

> 1. Please provide a full and complete list of any and all USPS properties that are under the custody, control, authority or otherwise of the Government Services Administration "GSA" I would specifically narrow the request for the state of ILLINOIS.
>
> 2. Please provide a full and complete list of any and all USPS properties for the state of ILLINOIS that have been retroceded back to the state of ILLINOIS.

In response to your FOIA request, the first two facilities in the attached document are USPS Owned facilities leased to GSA. The last facility is a GSA owned facility leased to USPS. In the response to number two there are no records in response to your request. As a reminder, we maintain a listing of the United States Postal Service maintains a listing of our leased and owned facilities in our FOIA Library located on usps.com at the following link:

FOIA Library - Who We Are - About.usps.com

**Facilities**
Leased Facilities by State
Owned Facilities by State

If you are not satisfied with the response to this request, you may file an administrative appeal within 90 days of the date of this response letter by writing to the General Counsel U.S. Postal Service 475 L'Enfant Plaza SW Washington, DC 20260 or via email at FOIAAppeal@usps.gov. Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request. The letter of appeal should include, as applicable:

> (1) A copy of the request, of any notification of denial or other action, and of any other related correspondence;
>
> (2) The FOIA tracking number assigned to the request;
> (3) A statement of the action, or failure to act, from which the appeal is taken;
> (4) A statement identifying the specific redactions to responsive records that the requester is challenging;
> (5) A statement of the relief sought; and
> (6) A statement of the reasons why the requester believes the action or failure to act is erroneous.

475 L'Enfant Plaza SW, Rm. 1P830
Washington DC 20260-1101
(202) 268-2608
Fax: (202) 268-5353

- 2 -

For further assistance and to discuss any aspect of your request, you may contact any of the following:

- Name of agency official that processed your request and FOIA Requester Service Center:

   PRIVACY & RECORDS MANAGEMENT OFFICE
   US POSTAL SERVICE
   475 L'ENFANT PLAZA SW RM 1P830
   WASHINGTON DC 20260-1101
   Phone: (202) 268-2608
   Fax: (202) 268-5353
   Marthea Hodge, Sr. Government Information Specialist

- FOIA Public Liaison: Nancy Chavannes-Battle (Can be contacted at the above Requester Service Center address and phone number)

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Thank you for your interest in the United States Postal Service.

Sincerely,

*Carie Millin*

Carie Millin
Facilities Program Analyst

**Owned: IL**

| Property ID | Type | Post Office Name | Address | City | State |
|---|---|---|---|---|---|
| 160046-G01 | | Building Only | CHICAGO (CIMSC-SOUTH) INT'L/MILITARY SVC CTR | 11600 W IRVING PARK RD | Chicago | IL |

Displaying 1 - 1 of 1 Record(s), Page: 1/1

| Property ID | Type | Post Office Name | Address | City | State |
|---|---|---|---|---|---|
| 166786-G02 | | Building and Land | ROCK ISLAND DOWNTOWN STATION | 1956 2ND AVE | Rock Island | IL |

Displaying 1 - 1 of 1 Record(s), Page: 1/1

| Property ID | Type | Post Office Name | Address | City | State |
|---|---|---|---|---|---|
| 161562-G01 | | Building and Land | CHICAGO LOOP STATION | 211 S CLARK ST | Chicago | IL |

Displaying 1 - 1 of 1 Record(s), Page: 1/1



# Rules and Regulations Governing Conduct on Postal Service Property

## Applicability

These rules and regulations apply to all real property under the charge and control of the U.S. Postal Service®, to all tenant agencies, and to all persons entering in or on such property. These rules and regulations must be kept posted at a conspicuous place on all such property. These rules and regulations shall not apply to:

a. Any portions of real property, owned or leased by the Postal Service™, that are leased or subleased by the Postal Service to private tenants for their exclusive use.

b. With respect to restrictions on soliciting, electioneering, collecting debts, vending, advertising and posting or depositing literature on sidewalks along the street frontage of Postal Service property falling within the property lines of the Postal Service that are not physically distinguishable from adjacent municipal or other public sidewalks and any paved areas adjacent to such sidewalks that are not physically distinguishable from such sidewalks.

## Inspection, Recording Presence

a. Purses, briefcases, and other containers brought into, while on, or being removed from the property are subject to inspection. However, items brought directly to a Postal Service facility's customer mailing acceptance area and deposited in the mail are not subject to inspection, except as provided by the *Administrative Support Manual*, section 274. A person arrested for violation of this section may be searched incident to that arrest.

b. Vehicles and their contents brought into, while on, or being removed from restricted nonpublic areas are subject to inspection. A prominently displayed sign shall advise in advance that vehicles and their contents are subject to inspection when entering the restricted nonpublic area, while in the confines of the area, or when leaving the area. Persons entering these areas who object and refuse to consent to the inspection of the vehicle, its contents, or both may be denied entry; after entering the area without objection, consent shall be implied. A full search of a person and any vehicle driven or occupied by the person may accompany an arrest.

c. Except as otherwise ordered, properties must be closed to the public after normal business hours. Properties also may be closed to the public in emergency situations and at such times as may be necessary for the orderly conduct of business. Admission to properties when closed to the public may be limited to authorized individuals who may be required to sign the register and display identification when requested by Security Force personnel or other authorized individuals.

## General Restrictions

### Preservation of Property

Improperly disposing of rubbish, spitting, creating any hazard to persons or things, throwing articles of any kind from a building, climbing upon the roof or any part of the building, or willfully destroying, damaging, or removing any property or any part thereof is prohibited.

### Conformity with Signs and Directions

All persons in and on property shall comply with official signs of a prohibitory or directory nature and with the directions of Security Force personnel or other authorized individuals.

## Specific Restrictions

### Disturbances

Disorderly conduct, or conduct that creates loud and unusual noise, or which impedes entrance to or departure from Post Offices™ or otherwise obstructs the usual use of entrances, foyers, corridors, offices, elevators, stairways, and parking lots, or which otherwise tends to impede or disturb the public or employees in the performance of their duties, or which otherwise impedes or disturbs the general public in transacting business or obtaining the services provided on Postal Service property, is prohibited.

### Gambling

Participating in games for money or other personal property, the operation of gambling devices, the conduct of a lottery or pool, or the selling or purchasing of lottery tickets is prohibited on postal premises. This does not apply to state lottery tickets at vending facilities operated by licensed blind persons where such lotteries are authorized by state law.

### Alcoholic Beverages, Drugs, and Smoking

Anyone under the influence of alcohol or any drug that has been defined as a "controlled substance" may not enter Postal Service property or operate a motor vehicle on Postal Service property. The possession, sale, or use of any "controlled substance" (except when permitted by law) or the sale or use of any alcoholic beverage (except as authorized by the Postmaster General or designee) on Postal Service premises is prohibited. The term "controlled substance" is defined in Title 21, *United States Code*, section 802. Smoking is prohibited in all Postal Service buildings and office space, including public lobbies.

### Soliciting, Electioneering, Collecting Debts, Vending, and Advertising

Soliciting alms and contributions, campaigning for election to any public office, collecting private debts, commercial soliciting and vending, displaying or distributing commercial advertising, and collecting signatures on petitions, polls, or surveys (except as otherwise authorized by Postal Service regulations) are prohibited on Postal Service property. These prohibitions do not apply to the following:

a. Commercial or nonprofit activities performed under contract with the Postal Service or pursuant to the provisions of the Randolph-Sheppard Act.

b. Posting notices on employee bulletin boards as authorized by Title 39, *Code of Federal Regulations* (CFR) 243.2.

c. The solicitation of U.S. Postal Service and other federal military or civilian personnel for contributions by recognized agencies as authorized by the *Manual on Fund Raising Within Federal Service*, issued under Executive Order 12353.

### Tables, Chairs, Freestanding Signs or Structures

Except as part of authorized postal activities, no tables, chairs, freestanding signs or posters, structures, or furniture of any type may be placed in postal lobbies or on postal walkways, steps, plazas, lawns or landscaped areas, driveways, parking lots, or other exterior spaces.

### Public Assembly and Public Address

Leafleting, distributing literature, picketing, and demonstrating by members of the public are prohibited in lobbies and other interior areas open to the public. Public assembly and public address, except when conducted or sponsored by the Postal Service, are prohibited in lobbies and other interior areas open to the public.

### Depositing Literature

Depositing or posting of handbills, flyers, pamphlets, signs, posters, placards, or other literature (except official Postal Service and other governmental notices and announcements) on the grounds, walks, driveways, parking and maneuvering areas, exteriors of buildings, and other structures, or on the floors, walls, stairs, racks, counters, desks, writing tables, window ledges, or furnishings in interior public areas on Postal Service premises is prohibited. This does not apply to the following:

a. Posting notices on employee bulletin boards as authorized by 39 CFR 243.2.

b. Interior space assigned to tenants for their exclusive use.

c. Posting of notices by U.S. Government-related organizations.

### Photographs for News, Advertising, or Commercial Purposes

Photographs for news purposes may be taken in entrances, lobbies, foyers, corridors, or auditoriums when used for public meetings except where prohibited by official signs or Security Force personnel or other authorized personnel or a federal court order or rule. Other photographs may be taken only with the permission of the local Postmaster or installation head.

### Dogs and Other Animals

Dogs and other animals (except those used to assist persons with disabilities) must not be brought onto Postal Service property for other than official purposes.

### Vehicular and Pedestrian Traffic

Drivers of all vehicles in or on Postal Service property must be in possession of a current and valid driver's license and vehicle registration, and the vehicle must display all current and valid tags and licenses required by the jurisdiction in which it is registered. Drivers who have had their privilege or license to drive suspended or revoked shall not drive any vehicle in or on Postal Service property during such period of suspension or revocation.

Drivers of all vehicles in or on Postal Service premises shall drive in a careful and safe manner at all times and shall comply with signals and directions of Security Force personnel, other authorized individuals, and all posted traffic signs.

Blocking of entrances, driveways, walks, loading platforms, or fire hydrants is prohibited.

Parking without authority, parking in unauthorized locations or in reserved locations, or parking continuously in excess of 18 hours without permission or contrary to the direction of posted signs is prohibited. Supplemental specific traffic directives may be issued by the Postmaster or installation head. When issued and posted, such directives shall have the same force and effect as if made a part hereof.

### Voter Registration

Provided that all required conditions are met, voter registration may be conducted on Postal Service property only with the approval of the Postmaster or installation head. See 39 CFR 232.1(h)(4) for the conditions that apply to voter registration activities on Postal Service property.

### Weapons and Explosives

Notwithstanding any other law, rule, or regulation, no person while on Postal Service property may carry firearms, other dangerous or deadly weapons, or explosives, either openly or concealed, or store the same on Postal Service property, except for official purposes.

### Nondiscrimination

No person entering on postal property shall be subjected to discrimination on the basis of race, color, sex, religion, national origin, or disability in using any of the facilities or services of a public nature provided by the U.S. Postal Service.

### Penalties and Other Law

Alleged violations of these rules and regulations are heard, and the penalties prescribed herein are imposed, either in a federal district court or by a federal magistrate in accordance with applicable court rules. Individuals found guilty of violating these rules and regulations while on property under the charge and control of the Postal Service are subject to a fine as provided in 18 U.S.C. 3571 or imprisonment of not more than 30 days, or both. Nothing contained in these rules and regulations shall be construed to abrogate any other federal laws or regulations or any state or local laws and regulations applicable to any area in which the property is situated.

### Enforcement

Security Force personnel will exercise the powers under 18 U.S.C. 3061(c)(2) and are responsible for enforcing the regulations in this notice in a manner that will protect U.S. Postal Service property. Postmasters or installation heads may, with the approval of the Chief Postal Inspector or designee, enter into agreements with State and local enforcement agencies to insure enforcement of the regulations in a manner that will protect U.S. Postal Service property. Postal Inspectors, Office of Inspector General Special Agents, and anyone designated by the Chief Postal Inspector may also enforce these regulations.

Poster 7, August 2016   PSN 7690-03-000-9181



**U.S. General Services Administration**

# Rules and Regulations Governing Conduct on Federal Property

November, 2005

**Federal Management Regulation
Title 41, Code of Federal Regulations, Part 102-74, Subpart C**

**Applicability (41 CFR 102-74.365).** The rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property. Each occupant agency shall be responsible for the observance of these rules and regulations. Federal agencies must post the notice in the Appendix to this part at each public entrance to each Federal facility.

**Inspection (41 CFR 102-74.370).** Federal agencies may, at their discretion, inspect packages, briefcases and other containers in the immediate possession of visitors, employees or other persons arriving on, working at, visiting, or departing from Federal property. Federal agencies may conduct a full search of a person and the vehicle the person is driving or occupying upon his or her arrest.

**Admission to Property (41 CFR 102-74.375).** Federal agencies must:
(a) Except as otherwise permitted, close property to the public during other than normal working hours. In those instances where a Federal agency has approved the after-normal-working hours use of buildings or portions thereof for activities authorized by subpart D of this part, Federal agencies must not close the property (or affected portions thereof) to the public;
(b) Close property to the public during working hours only when situations require this action to ensure the orderly conduct of Government business. The designated official under the Occupant Emergency Program may make such decision only after consultation with the buildings manager and the highest ranking representative of the law enforcement organization responsible for protection of the property or the area. The designated official is defined in Sec. 102-71.20 of this chapter as the highest ranking official of the primary occupant agency, or the alternate highest ranking official or designee selected by mutual agreement by other occupant agency officials; and
(c) When property or a portion thereof is closed to the public, restrict admission to the property, or the affected portion, to authorized persons who must register upon entry to the property and must, when requested, display Government or other identifying credentials to Federal police officers or other authorized individuals when entering, leaving or while on the property. Failure to comply with any of the applicable provisions is a violation of these regulations.

**Preservation of Property (41 CFR 102-74.380).** All persons entering in or on Federal property are prohibited from:
(a) Improperly disposing of rubbish on property;
(b) Willfully destroying or damaging property;
(c) Stealing property;
(d) Creating any hazard on property to persons or things; or
(e) Throwing articles of any kind from or at a building or climbing upon statues, fountains or any part of the building.

**Conformity with Signs and Directions (41 CFR 102-74.385).** Persons in and on property must at all times comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals.

**Disturbances (41 CFR 102-74.390).** All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that:
(a) Creates loud or unusual noise or a nuisance;
(b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;
(c) Otherwise impedes or disrupts the performance of official duties by Government employees; or
(d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

**Gambling (41 CFR 102-74.395).** (a) Except for the vending or exchange of chances by licensed blind operators of vending facilities for any lottery set forth in a State law and authorized by section 2(a)(5) of the Randolph-Sheppard Act (20 U.S.C. 107 et seq.), all persons entering in or on Federal property are prohibited from:
(1) Participating in games for money or other personal property;
(2) Operating gambling devices;
(3) Conducting a lottery or pool; or
(4) Selling or purchasing numbers tickets.
(b) This provision is not intended to prohibit prize drawings for personal property at otherwise permitted functions on Federal property, provided that the game or drawing does not constitute gambling per se. Gambling per se means a game of chance where the participant risks something of value for the chance to gain or win a prize.

**Narcotics and Other Drugs (41 CFR 102-74.400).** Except in cases where the drug is being used as prescribed for a patient by a licensed physician, all persons entering in or on Federal property are prohibited from:
(a) Being under the influence, using or possessing any narcotic drugs, hallucinogens, marijuana, barbiturates, or amphetamines; or
(b) Operating a motor vehicle on the property while under the influence of alcoholic beverages, narcotic drugs, hallucinogens, marijuana, barbiturates, or amphetamines.

**Alcoholic Beverages (41 CFR 102-74.405).** Except where the head of the responsible agency or his or her designee has granted an exemption in writing for the appropriate official use of alcoholic beverages, all persons entering in or on Federal property are prohibited from being under the influence or using alcoholic beverages. The head of the responsible agency or his or her designee must provide a copy of all exemptions granted to the buildings manager and the highest ranking representative of the law enforcement organization, or other authorized officials, responsible for the security of the property.

**Soliciting, Vending and Debt Collection (41 CFR 102-74.410).** All persons entering in or on Federal property are prohibited from soliciting alms (including money and non-monetary items) or commercial or political donations, vending merchandise of all kinds, displaying or distributing commercial advertising, or collecting private debts, except for:

(a) National or local drives for funds for welfare, health or other purposes as authorized by 5 CFR part 950, entitled "Solicitation of Federal Civilian and Uniformed Service Personnel for Contributions to Private Voluntary Organizations," and sponsored or approved by the occupant agencies;
(b) Concessions or personal notices posted by employees on authorized bulletin boards;
(c) Solicitation of labor organization membership or dues authorized by occupant agencies under the Civil Service Reform Act of 1978 (Pub. L. 95–454);
(d) Lessees, or its agents and employees, with respect to space leased for commercial, cultural, educational, or recreational use under 40 U.S.C. 581(h). Public areas of GSA-controlled property may be used for other activities in accordance with subpart D of this part;
(e) Collection of non-monetary items that are sponsored or approved by the occupant agencies; and
(f) Commercial activities sponsored by recognized Federal employee associations and on-site child care centers.

**Posting and Distributing Materials (41 CFR 102-74.415).** All persons entering in or on Federal property are prohibited from:
(a) Distributing free samples of tobacco products in or around Federal buildings, as mandated by Section 636 of Public Law 104–52;
(b) Posting or affixing materials, such as pamphlets, handbills, or flyers, on bulletin boards or elsewhere on GSA-controlled property, except as authorized in Sec. 102-74.410, or when these displays are conducted as part of authorized Government activities; and
(c) Distributing materials, such as pamphlets, handbills or flyers, unless conducted as part of authorized Government activities. This prohibition does not apply to public areas of the property as defined in Sec.102-71.20 of this chapter. However, any person or organization proposing to distribute materials in a public area under this section must first obtain a permit from the building manager as specified in subpart D of this part. Any such person or organization must distribute materials only in accordance with the provisions of subpart D of this part. Failure to comply with those provisions is a violation of these regulations.

**Photographs for News, Advertising, or Commercial Purposes (41 CFR 102-74.420).** Except where security regulations, rules, orders, or directives apply or a Federal court order or rule prohibits it, persons entering in or on Federal property may take photographs of:
(a) Space occupied by a tenant agency for non-commercial purposes only with the permission of the occupying agency concerned;
(b) Space occupied by a tenant agency for commercial purposes only with written permission of an authorized official of the occupying agency concerned; and
(c) Building entrances, lobbies, foyers, corridors, or auditoriums for news purposes.

**Dogs and Other Animals (41 CFR 102-74.425).** No person may bring dogs or other animals on Federal property for other than official purposes. However, a disabled person may bring a seeing-eye dog, a guide dog, or other animal assisting or being trained to assist that individual.

**Breastfeeding (41 CFR 102-74.426).** Public Law 108–199, Section 629, Division F, Title VI (January 23, 2004), provides that a woman may breastfeed her child at any location in a Federal building or on Federal property, if the woman and her child are otherwise authorized to be present at the location.

**Vehicular and Pedestrian Traffic (41 CFR 102-74.430).** All vehicle drivers entering or while on Federal property:
(a) Must drive in a careful and safe manner at all times;
(b) Must comply with the signals and directions of Federal police officers or other authorized individuals;
(c) Must comply with all posted traffic signs;
(d) Must comply with any additional posted traffic directives approved by the GSA Regional Administrator, which will have the same force and effect as these regulations;
(e) Are prohibited from blocking entrances, driveways, walks, loading platforms, or fire hydrants; and
(f) Are prohibited from parking on Federal property without a permit. Parking without authority, parking in unauthorized locations or in locations reserved for other persons, or parking contrary to the direction of posted signs is prohibited. Vehicles parked in violation, where warning signs are posted, are subject to removal at the owner's risk and expense. Federal agencies may take as proof that a motor vehicle was parked in violation of these regulations or directives as prima facie evidence that the registered owner was responsible for the violation.

**Explosives (41 CFR 102-74.435).** No person entering or while on Federal property may carry or possess explosives, or items intended to be used to fabricate an explosive or incendiary device, either openly or concealed, except for official purposes.

**Weapons (41 CFR 102-74.440).** Federal law prohibits the possession of firearms or other dangerous weapons in Federal facilities and Federal court facilities by all persons not specifically authorized by 18 U.S.C. 930. Violators will be subject to fine and/or imprisonment for periods up to five (5) years.

**Nondiscrimination (41 CFR 102-74.445).** Federal agencies must not discriminate by segregation or otherwise against any person or persons because of race, creed, religion, age, sex, color, disability, or national origin in furnishing or by refusing to furnish to such person or persons the use of any facility of a public nature, including all services, privileges, accommodations, and activities provided on the property.

**Penalties (41 CFR 102-74.450).** A person found guilty of violating any rule or regulation in this subpart while on any property under the charge and control of GSA shall be fined under title 18 of the United States Code, imprisoned for not more than 30 days, or both.

**Impact on Other Laws or Regulations (41 CFR 102-74.455).** No rule or regulation in this subpart may be construed to nullify any other Federal laws or regulations or any State and local laws and regulations applicable to any area in which the property is situated (40 U.S.C. 121(c)).

# WARNING
## WEAPONS PROHIBITED

Federal law prohibits the possession of firearms or other dangerous weapons in Federal facilities and Federal court facilities by all persons not specifically authorized by Title 18, United States Code, Section 930. Violators will be subject to fine and/or imprisonment for periods up to five (5) years.